# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KYLE HARVEY, Natural and Biological Father of A.H., a Deceased Minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:19-CV-902-NAB |
| GREAT CIRCLE, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Great Circle's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's Motion for Remand to State Court, and Plaintiff's Motion to Amend Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 15(a)(2). [Docs. 5, 14, 25.] Defendant Kelly Ann Connelly joined in Great Circle's Motion to Dismiss, with the Court's approval. [Doc. 22.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court will deny Plaintiff's Motion for Remand to State Court, deny Defendants' Motion to Dismiss Plaintiff's Complaint, and deny as moot Plaintiff's Motion to Amend.

**Procedural Background**

This case is a wrongful death action filed by Harvey asserting liability against Defendants for the death of his child A.H. Harvey originally filed this action in state court asserting Missouri state law claims of wrongful death due to negligence and intentional tort and wrongful death pursuant to 42 U.S.C. §§ 1983, 1985 against Defendants Great Circle and Kelly Ann Connelly. On April 9, 2019, Defendant Great Circle removed this action from Missouri state court based on federal question jurisdiction over the federal constitutional claims in Count III.

[Doc. 1.] Defendant Great Circle also filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), which Connelly subsequently joined. [Docs. 5, 22.] On April 24, 2019, Harvey filed a Motion for Remand to State Court. [Doc. 14.] On May 8, 2019, Harvey filed a Response in Opposition to Defendants' Motion to Dismiss or, in the alternative, a Motion to Amend Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 15(a)(2). [Doc. 25.] On May 22, 2019, Defendants filed a Reply Brief in Support of their Motion to Dismiss. [Doc. 28.] The motions are now fully briefed.

**Motion for Remand**

First, the Court will address Harvey's Motion for Remand to State Court. [Doc. 14.] In his motion, Harvey contends that this action should be remanded because Defendant Kelly Ann Connelly had not joined in or consented to the Notice of Removal.

Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). There are several requirements a defendant must follow to remove an action, including the requirement that all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). As the party seeking removal and opposing remand, Great Circle has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). The district court is required to resolve all doubts about federal jurisdiction in favor of remand. *Id.*

In this case, Plaintiff has not demonstrated that Connelly had been properly served at the time of removal. There is no return of service indicating that Connelly had been served with legal process before Connelly's entry into the action in this Court. The state court record

2

indicates that service of Connelly was attempted but, not effected, and an alias summons was issued on March 21, 2019. [Doc. 1-2.] "It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal." *Roberts v. Palmer*, 354 F.Supp.2d 1041, 1044 (E.D. Mo. 2005). Harvey has not alleged any other defects regarding removal. Therefore, Harvey's motion to remand will be denied.

**Motion to Dismiss**

Next, the Court will address Defendants' Motion to Dismiss Harvey's claims for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and on the basis of qualified immunity under federal and state law.

### Qualified Immunity for Section 1983 Claim[1]

Harvey's Complaint asserts liability against Defendants Great Circle and Kelly Anne Connelly for wrongful death in violation of A.H.'s civil rights pursuant to 42 U.S.C. § 1983. As an initial matter, the Court finds it necessary to address some confusion regarding the parties and immunities available in this matter. Title 42 U.S.C. § 1983 provides

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

An organization acting under color of state law for purposes of § 1983, will only be held liable for its own unconstitutional policies. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978)).

---

[1] The parties do not address Harvey's claim under 42 U.S.C. § 1985; therefore, the Court will not address whether Harvey states a claim under this civil rights statute.

The Complaint alleges that Great Circle is a non-profit organization that is privately contracted to provide foster care services on behalf of the State of Missouri. The Complaint further alleges that Connelly is an individual employed by Great Circle, "tasked with providing the services Great Circle contracts to perform with the State of Missouri Department of Social Services and/or the Children's Division." (Compl. ¶ 5). Because Defendants were performing services for the State of Missouri, Harvey alleges that Great Circle and Connelly operated under color of state law. Defendants do not contest whether they were operating under color of state law in their motion to dismiss.

Great Circle and Connelly assert that they are entitled to qualified immunity under federal law and immunity under Missouri state statutes. As an initial matter, neither defendant can use Missouri state law to allege immunity under § 1983. State statutory law cannot be used as a shield from liability under federal law. *Norfleet By and ThroughNorfleet v. Arkansas Dept. of Human Servs.*, 989 F.2d 289, 293 (8th Cir. 1993) (citing *Martinez v. California*, 444 U.S. 277, 284, n. 8 (1980)).

The federal "doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* at 231.

"Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his individual capacity that fails to state a claim for violation of 'clearly

4

established statutory or constitutional rights of which a reasonable person would have known.'" *Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Harlow*, 457 U.S. at 818). "A court considers whether the plaintiff has stated a plausible claim for violation of a constitutional or statutory right and whether the right was clearly established at the time of the alleged infraction." *Hager*, 735 F.3d at 1013. It is within the Court's discretion to select which inquiry to address first. *Pearson*, 555 U.S. at 236. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015). Clearly established law should not be defined at a high level of generality. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). The clearly established law must be particularized to the facts of the case. *White v. Pauley*, 137 S.Ct. 548, 552 (2017). Immunity must be established on the face of the complaint. *Schatz Family ex rel. Schatz v. Gierer*, 346 F.3d 1157, 1159 (8th Cir. 2003) (citing *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996)).

A careful review of the Complaint indicates that neither defendant is entitled to federal qualified immunity. In their briefing, the parties assume that Great Circle was operating under color of state law. Qualified immunity is not a defense available to governmental entities, but only to government employees sued in their individual capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Therefore, Great Circle cannot claim qualified immunity.

Further, the Complaint does not assert a clam against Connelly in her individual capacity, which is required for an assertion of qualified immunity. Eighth Circuit case law requires a clear statement that officials are being sued in their individual capacity. *See Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007). If a plaintiff's complaint is silent about the capacity in which he is

5

suing the defendant, the Court interprets the complaint as including only official-capacity claims. *Baker*, 501 F.3d at 923 (citing *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir.1995); *Nix. v. Norman,* 879 F.2d 429, 431 (8th Cir.1989)). Harvey's complaint caption and the contents only included the name of each defendant and Connelly's alleged job duties. Under Eighth Circuit law, "such 'cryptic' allegations are not sufficient to state an individual-capacity claim." *Remington v. Hoopes*, 611 Fed. App'x 883, 885 (8th Cir. 2015).

Because, the complaint contains no specific pleading of individual capacity, it is assumed that Connelly is sued in her official capacity. *Baker*, 501 F.3d at 923. A suit against a public employee in his or her official capacity is merely a suit against the public employer. *Johnson*, 172 F.3d at 535. In official capacity claims, the proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983. *Sears*, 984 F.2d at 976. Therefore, the Court will only assess whether the Complaint sufficiently alleges an § 1983 official capacity claim under Rule 12(b)(6) and will not analyze the Complaint under qualified immunity standards.

**Standard of Review for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)**

The Federal Rules of Civil Procedure apply to a civil action after it is removed from state court. Fed. R. Civ. P. 81(c)(1). To survive a Rule 12(b)(6) motion, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Iqbal*, 556 U.S. at 679. A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Civil rights pleadings are to be construed liberally. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).

The Complaint alleges that the Jefferson County Children's Division (hereinafter "Children's Division") hired Great Circle and Connelly to provide services of counseling, evaluation, and investigation regarding the assessment and facilitation of returning A.H. to her mother Kaylenn Darby's (hereinafter "Darby") home. (Compl. ¶ 7.)

Harvey alleges that during Defendants' services and investigation, Darby shared her residence with William Allen Harris (hereinafter "Harris"). (Compl. ¶ 9.) On October 7, 2015, Defendants were aware of abuse and/or suspected abuse perpetrated upon A.H. while living in the residence of Darby. (Compl. ¶ 10.) Defendants, in a report to the Circuit Court of Jefferson County, Missouri (the court exercising jurisdiction over A.H., hereinafter "Circuit Court"), stated that Harris was living with Darby in the residence and that Harris was frequently left alone to supervise A.H. (Compl. ¶ 10.) Defendants' October 7, 2015 report identified Harris as a suspect in causing A.H.'s injuries, including injuries which required A.H. to seek medical treatment on August 2, 2015 and A.H.'s fractured right humerus on September 8, 2015. (Compl. ¶¶ 12-13.)

As a result of the alleged abuse, A.H. was removed from her mother's residence and the Children's Division assumed physical and legal custody of A.H. (Compl. ¶ 14.) On November 3, 2015, the Circuit Court ordered that A.H. could be reunified with her mother on the precondition that Harris have no unsupervised contact with A.H. until he has a clean drug screen as requested by the family support team and is approved by the family support team (hereinafter, the "Court Order"). (Compl. ¶ 15.) The Circuit Court specifically stated Harris could not live in Darby's residence until these preconditions were met. (Compl. ¶ 15). The Children's Division had custody of Harvey's children, including A.H., beginning December 14, 2015. (Compl. ¶ 6.)

Harvey alleges that despite the Court Order, Defendants allowed the children to immediately thereafter live with their mother despite the fact that the preconditions regarding reunification had not been met and Harris was still living at Darby's residence. (Compl. ¶ 16.) Harvey further alleges that on the next Circuit Court hearing, despite the Defendants' alleged violation of the Court Order, Defendants recommended that A.H. be returned to Darby's

residence and in bad faith misrepresented facts to the Circuit Court which resulted in the Circuit Court ordering reunification. (Compl. ¶ 17).

Harvey also alleges that at the time of its recommendation for reunification, Defendants knew or could have known that: (1) Harris continued to reside with Darby; (2) that Harris would regularly be left to care for A.H.; and (3) that Harris was actively using and addicted to heroin and/or other controlled substances with similar effects to heroin. (Compl. ¶¶ 18-19.)

Harvey alleges that Defendants did not perform any evaluation, screening, or additional investigation of Harris before recommending reunification, in violation of the Court Order directing otherwise. (Compl. ¶ 20.) Harvey further alleges that thereafter Defendants in bad faith represented to the Circuit Court that Harris had been drug tested and approved by the Defendants despite this being untrue or, in the alternative, Defendants in bad faith failed to represent to the court that Harris had not been drug tested and approved by Defendants in accordance with the preconditions of reunification. (Compl. ¶¶ 21-22.) On March 7, 2016, A.H. was left alone in the care of Harris at Darby's residence in violation of the Court Order and was allegedly murdered by Harris, who was subsequently arrested and charged with various criminal charges under the state law of Missouri. (Compl. ¶¶ 23-24.)

At the motion to dismiss stage, a plaintiff does not have to plead the specific existence of an unconstitutional policy or custom. *Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). "When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies or customs which may have caused the deprivation of a constitutional right." *Id.* "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Id.* A single incident is insufficient to establish a policy. *Id.* The Court finds that Harvey's Complaint meets this minimal standard.

Harvey's Complaint alleges that Defendants violated the Missouri Child Welfare Manual, Great Circle was required to follow, as well as state laws and regulations regarding child abuse and neglect. The cases cited by Defendants all involve cases being decided on summary judgment. The standards for obtaining summary judgment are higher than obtaining dismissal at the early stages of a case before discovery. There needs to be more factual development to properly evaluate Plaintiff's § 1983 claim. Therefore, the Court will deny Defendants' Motion to Dismiss Harvey's § 1983 claim under Rule 12(b)(6) for failure to state a claim.

**Immunity under Missouri State Law**

Counts I and II of Harvey's Complaint assert state law claims of wrongful death based on negligence and intentional tort. The Court has supplemental jurisdiction over these state law claims. *See* 28 U.S.C. § 1367(a). Defendants state that they are entitled to immunity from liability under Missouri statutes granting immunity for private contractors- § 210.114 and § 210.135. The parties acknowledge that Harvey previously filed a similar action against Defendant Great Circle alone and this Court granted Great Circle's motion to dismiss based on immunity under these same statutes. *See Harvey v. Great Circle*, 4:17-CV-1021 NAB, 2017 WL 2618279 (E.D. Mo. June 16, 2017).

The first statute at issue is Mo. Rev. Stat. § 210.114[2], which states:

> Except as otherwise provided in section 207.085, private contractors who in their capacities as children's services providers and agencies, as defined in section 210.110, receive state moneys from the division or the department for providing services to children and their families under section 210.112 shall have qualified immunity from civil liability for providing such services when the child is not in the physical care of such private contractor to the same extent that the children's division has qualified immunity from civil liability when the division or department directly provides such services.

---
[2] This statute was slightly revised effective August 28, 2018.

Mo. Rev. Stat. § 210.114.1. Qualified immunity does not apply

> if a private contractor … knowingly violates a stated or written policy of the division, any rule promulgated by the division, or any state law directly related to child abuse and neglect, or any state law directly related to the child abuse and neglect activities of the division or any local ordinance relating to the safety condition of the property.

Mo. Rev. Stat. § 210.114.2. Great Circle also contends that it is entitled to qualified immunity under Mo. Rev. Stat. § 210.135.1, which states:

> Any person, official, or institution complying with the provisions of sections 210.110 to 210.165 in the making of a report, the taking of color photographs, or the making of radiologic examinations pursuant to sections 210.110 to 210.165, or both such taking of color photographs and making of radiologic examinations, or the removal or retaining a child pursuant to sections 210.110 to 210.165, or in cooperating with the division, or any other law enforcement agency, juvenile office, court, or child-protective service agency of this or any other state, in any of the activities pursuant to sections 210.110 to 210.165, or any other allegation of child abuse, neglect or assault, pursuant to sections 568.045 to 568.060, shall have immunity from any liability, civil or criminal, that otherwise might result by reason of such actions. Provided, however, any person, official or institution intentionally filing a false report, acting in bad faith, or with ill intent, shall not have immunity from any liability, civil or criminal. Any such person, official, or institution shall have the same immunity with respect to participation in any judicial proceeding resulting from the report.

Mo. Rev. Stat. § 210.135.1. In the previous action, the Court dismissed Harvey's complaint, because Harvey did not allege that Great Circle intentionally filed a false report or acted in bad faith or with ill intent. *See Clark v. Mickes*, No. 4:05-CV-1500 ERW, 2006 WL 1877084 at *5 (E.D.Mo. July 6, 2006). In the present case, Harvey alleges that Defendants engaged in

intentional conduct with bad faith or ill intent that resulted in A.H.'s death. *See* Compl. ¶¶ 16-22, 27-29, 34-41, 44-46, 51-58.

Defendants contend that Harvey cannot successfully plead an exception to the immunity statutes, because the Complaint makes factually unsupported and conclusory assertions. Defendants also contend that Harvey cannot establish proximate cause between Great Circle's alleged negligence and decedent's death. Defendants highlight that there were intervening factors that caused A.H.'s death, including Harris' alleged addiction and decision to physically abuse A.H.

Again, the Court finds that Harvey has met the minimum standards for stating a claim under Rule 12(b)(6). The Court must evaluate the Complaint on the four corners of the Complaint. There is little case law interpreting these immunity statutes and this case is unique. It would be premature to dismiss these claims without further fact development. The allegations in the Complaint in this action attribute several affirmative actions to Defendants. Harvey has identified a specific employee who was assigned to A.H.'s case and alleged that she knowingly and willfully, in bad faith violated Children's Division rules and state law, despite evidence of Harris' prior abuse and known drug use. These affirmative actions include failure to investigate, filing a false report to the court, and disobeying a court order regarding reunification requirements. Upon further fact development, the Court may find that these actions may or may not fall within the exceptions to the immunity statutes. Finally, the existence of an intervening criminal act is not always dispositive as to whether the chain of causation has been broken. *See Finocchio v. Mahler*, 37 S.W.3d 300, 303 (Mo. Ct. App. 2000). Therefore, the Court will deny Defendants' Motion to Dismiss the wrongful death claims in Counts I and II.

The Court also declines to address Harvey's contention that the state immunity statutes are unconstitutional.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**. [Doc. 14.]

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **DENIED**. [Doc. 5.]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend is **DENIED as moot**. [Doc. 25.]

An order setting Rule 16 Conference will be contemporaneously filed with this Memorandum and Order.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of October, 2019.