IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KYLE HARVEY, NATURAL AND BIOLOGICAL FATHER OF A.H., A MINOR, DECEASED,,<br><br>Plaintiff,<br><br>v.<br><br>GREAT CIRCLE AND KELLY ANN CONNELLY,<br><br>Defendant. | Cause No. 4:19-cv-00902<br><br>Division No. |

**FRCP 37 MOTION FOR AN ORDER TO COMPEL DISCLOSURE AND DISCOVERY AND SANCTIONS**

**COMES NOW** Plaintiff, Kyle Harvey, Natural and Biological Father of A.H., a Minor, Deceased,, by and through attorney, E. Ryan Bradley of The Bradley Law Firm and hereby presents to the Court a FRCP 37 Motion for An Order to Compel Disclosure and Discovery and Sanctions and in furtherance thereof states to the Court as follows:

1. Plaintiff served Interrogatories and Requests for Production to Defendants.

2. In early October, defense counsel Wong called the undersigned prior to asserting any objections thereto and wanted concessions from Plaintiff. In the infancy of that conversation, it was patently clear Mr. Wong had no authority to make concessions on behalf of the defense and only sought to obtain concessions from Plaintiff. The undersigned told Mr. Wong to assert legal objections then we could discuss those objections so the parties' respective positions were

known, clear and could be researched in advance of the discussion. Both counsel agreed to this course of action.

3. On January 15, 2020, the undersigned Mr. Wong regarding procedural and technical protocols for the requested electronic discovery. *See* **Exhibit 1.** To date, the defense team never responded.

4. On January 16, 2020, the undersigned emailed all defense counsel asking for dates to depose various individuals in March. *See* **Exhibit 2**. To date, the defense team never responded.

5. On January 17, 2020, the defense team objected to virtually all of Plaintiff's Interrogatories and Requests for Production. *See* **Exhibits 3-8**.

6. On January 19, 2020, counsel for Plaintiff emailed defense counsel Wong asking for a telephone conference the week of January 20-24 to discuss these objections. Counsel cannot receive this email, but it is referenced in a subsequent email dated January 22, 2020**.**

7. On January 22, 2020, *as usual*, there was no response whatsoever from any defense lawyer. Therefore on that date, the undersigned called Mr. Wong. He was on the phone and I left a voicemail. I then followed up by email to Mr. Wong, Mr. Graham and Mr. Strum again asking for a time and date to discuss the objections with a very simple request: ***lets have authority to enter into binding discovery agreements – or not- during the call***. The obvious purpose in this request is to ensure areas of agreement and disagreement could be identified in good faith, quickly, without wasting anyone's time so the areas of impasse could be narrowed for the consideration of this Court. Of course, this is the goal espoused in FRCP 37- to make an effort to obtain agreements *without* court action.

The defense team refused to engage pursuant to FRCP 37 on those terms.  In short, defense counsel wanted an opportunity to confer and advise the defendants before committing to any discovery resolution. Otherwise stated, the defense team wanted a protracted phone call where no final / binding agreements or disagreements on discovery would be reached. The obvious result of such meeting where no final / binding agreements are made is that it does nothing to further the effort of obtaining discovery material *without* court action.

The undersigned explained to the defense team the scope of proper discovery is a legal proposition and is not a proper area for client approval or disapproval. Specifically, the undersigned told the defense team to read Missouri Rules of Professional Conduct 4-1.2, which states a lawyer shall abide by a client's decisions concerning the objectives of representation … and shall consult with the client as to the means by which they are to be pursued. In <u>Herrera v. Santa Fe Pub. Sch.</u>, No. CIV 11-0422 JB/KBM, 2013 WL 4782160, at *24 (D.N.M. Aug. 19, 2013), Judge Browning stated in reference to New Mexico's adaptation of this same rule:

> "Parties generally have a difficult time understanding, and sometimes a more difficult time accepting, discovery's broad scope under the Federal Rules of Civil Procedure. In its years in private practice before taking the bench, the Court often had to explain, if not hold a party's hand through, the process of discovery. Indeed, sometimes it had to beat on its client to produce documents the client did not want to produce. The Court knew that, if it missed an important document, even if that document was nowhere physically near where it should have logically been located, neither the court nor the opposing party would accept that its client, whether adult or adolescent, had given the Court its documents that it believed were responsive."

The undersigned also encouraged the defense team to read Missouri Rule of Professional Conduct 4-3.1, which states a lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law. Asserting an objection to a discovery request is exactly what implicates Rule 4-3.1 because it necessarily requires a legal analysis of the claims and law to determine what is relevant and likely to lead to the discovery of admissible evidence.

Finally, counsel encouraged the defense team to read Missouri Rule of Professional Conduct 4-3.4, which states a lawyer shall not unlawfully obstruct another party's access to evidence.

In sum, clients do not dictate what is discoverable. What is discoverable is matter of law dictated by Federal Rule of Civil Procedure 26, the Federal Rules of Evidence, and a complex body of common law and statutory privilege. The determination of discoverability necessarily requires lawyers who are willing to engage in a thoughtful legal analysis of issues with the concomitant **authority** to resolve disagreements *without court action <u>or</u> client interference with the attorney's ethical obligations to do so.* Plaintiff's position is supported by <u>Prosonic Corp. v. Baker</u>, No. 3:07CV442/RS/EMT, 2008 WL 11340070, at *5 (N.D. Fla. Mar. 14, 2008), wherein Judge Timothy stated in connection with a discovery dispute the "parties (i.e., lead counsel or attorneys **with full authority to make decisions**) shall be required to <u>personally meet</u> or to <u>confer telephonically</u> (i.e., no faxes, <u>e-mails</u>, or voice-mail messages back and forth) in a good-faith effort to resolve the dispute." <u>Id</u>. (emphasis added in bold).

A complete running email chain outlining the undersigned repeated attempts to engage the defense team in good faith to resolve these discovery disputes is attached as **Exhibit 9.**

Exhibit 9 likewise demonstrates the defense teams inability to commit to a meet and confer wherein final, binding agreements (or disagreements) on discovery matters could be reached so as to narrow the issues for consideration of this Court. The "meet and confer" contemplated by the defense team- one where issues are discussed but nothing is resolved- is the epitome of bad faith and is not conducive to narrowing the issues for presentation to this Court as required by FRCP 37.

It should be noted that defense counsel Steve Strum was by far the worst offender of the "meet and confer" directive. Mr. Strum never made a phone call, sent an email or engaged in any constructive communication designed to resolve any discovery dispute. Rather, Mr. Strum engaged in divisive and condescending personal attacks against the undersigned (*See* Exhibit 10, email of 1-22-20 at 4:36pm wherein Mr. Strum states "… *I know you believe to be an expert in all areas of representation, but I am afraid to tell you that you are not…*") and then turned to self-righteous indignation (*See* Exhibit 10 wherein he falsely claims the undersigned "*does not want to meet and confer*" despite the clear record to the contrary which only demonstrates Mr. Strum's own impotence in having any constructive conversation. Mr. Strum then audaciously claims he and his law firm are being "*harassed*"). Mr. Strum's own conduct even prompted defense counsel Wong to state on a phone call with the undersigned on January 23, 2020 "pretend like Strum doesn't exist… this is my case." Yet, Mr. Wong refused to commit in writing to a meet and confer in good faith (one where final and binding agreements or disagreements could be reached).

10. In sum, nobody wants their time wasted. The notion of "good faith" in the context of mediation requires parties appear with <u>authority</u> to resolve the case. <u>Tillis v. Metro. Police Dep't of City of St. Louis</u>, No. 4:08CV789 TIA, 2009 WL 3011868, at *1 (E.D. Mo. Sept. 16,

2009)(holding "good faith" requires individuals attending a mediation have authority to settle the claims). As noted by Judge Timothy, the same concept applies to a "meet and confer" discovery conference. Prosonic Corp. v. Baker, No. 3:07CV442/RS/EMT, 2008 WL 11340070, at *5 (N.D. Fla. Mar. 14, 2008. Anything short of this is less than good faith.

11. That the information sought by Plaintiff is discoverable. In order to properly prepare for trial Plaintiff is in need of this information.

12. Plaintiff requests this Court summarily overrule each and every objection asserted by the defense team and for the Court to sanction the defense lawyers for their actions in refusing to meet and confer in good faith. Further, Plaintiff requests this Court Order the defendants to provide each of their individual availability to attend depositions within 48 hours of any request therefore throughout the remainder of this case. Last, Plaintiff requests this Court Order defendants in good faith engage the undersigned to establish procedures and protocols for the electronic discovery requests Plaintiff asks this Court to sustain.

**WHEREFORE**, Plaintiff prays for this Court to enter an Order compelling Defendants to a) answer without objection all Interrogatories and Requests for Production within ten (10) days, b) to provide each of their respective availability within 48 hours of any request for deposition dates for the remainder of this litigation, c) order the defense team to establish procedures and protocols for the electronic discovery Plaintiff asks this Court to sustain, and d) for any and all sanctions warranted by Rule 37, and e) for any such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ E. Ryan Bradley

By: _____

E. Ryan Bradley, #53777
The Bradley Law Firm
Attorney for Plaintiff
1424 Washington Avenue, Ste 300
St. Louis, Mo 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Ryan@thebradleylawfirm.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on Friday, January 24, 2020, I electronically filed the foregoing Motion to Compel with the Clerk of the Court using the CM/ECF E-Filing System which was sent notification of such filing to all counsel of record.  I further certify that I signed or caused my electronic signature to be place upon the original of the foregoing documents and that a copy of the foregoing was sent via the Court's efiling system to.

Casey F. Wong
Sandberg, Phoenix & von Gontard
Attorney For: Great Circle
600 Washington Ave - 15th Floor
St. Louis, MO  63101
Phone: (314) 231-3332
Fax: (314) 241-7604
Email Address: cwong@sandbergphoenix.com

Philip C. Graham
Sandberg Phoenix & von Gontard
Attorney For: Great Circle
600 Washington Ave - 15th Floor
St. Louis, MO  63101
Phone: (314) 231-3332
Fax: (314) 241-7604
Email Address: pgraham@sandbergphoenix.com

Stephen M. Strum
Sandberg Phoenix & von Gontard

Attorney For: Great Circle
600 Washington Ave - 15th Floor
St. Louis, MO  63101
Phone: (314) 231-3332
Fax: (314) 241-7604
Email Address: sstrum@sandbergphoenix.com

/s/E. Ryan Bradley