**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KYLE HARVEY, Natural and Biological Father of A.H., a Deceased Minor,<br><br>Plaintiff,<br><br>v.<br><br>GREAT CIRCLE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:19-CV-902-NAB<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Renewed Motion to Compel Disclosure and Discovery and Sanctions. [Doc. 50.] Defendant filed a Memorandum in Opposition. [Doc. 54.] Plaintiff then filed a Motion to Compel against third-party Missouri Department of Social Services ("DSS"). [Doc. 57.] DSS filed a response. [Doc. 65.] Defendant Great Circle subsequently filed a Motion to Compel against Plaintiff. [Doc. 59.] Plaintiff filed a response to Great Circle's Motion to Compel. [Doc. 63.] Great Circle filed a Reply Brief in Support of its Motion to Compel. [Doc. 69.] The Court held a hearing on all of these motions on May 20, 2020. The parties submitted supplemental briefing after the hearing. [Docs. 73, 74.] Plaintiff's counsel appeared by phone. Defense counsel, movant DSS, and the Court participated using Skype. The Court ruled on most of the discovery disputes on the record and will rule on the remaining disputes based on the parties' briefing.

### **I.   Background**

This case is a wrongful death action filed by Harvey asserting liability against Defendants for the death of his child A.H. Harvey originally filed this action in state court asserting Missouri state law claims of wrongful death due to negligence and intentional tort and wrongful death

pursuant to 42 U.S.C. §§ 1983, 1985 against Defendants Great Circle and Kelly Ann Connelly. On April 9, 2019, Defendant Great Circle removed this action from Missouri state court based on federal question jurisdiction over the federal constitutional claims in Count III. [Doc. 1.]

## II.     Standard of Review

District courts are accorded wide discretion in dealing with discovery matters. *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988)). Because discovery rules "'should be construed to secure the just, speedy, and inexpensive determination of every action,' ... judges should not hesitate to exercise appropriate control over the discovery process." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Herbert v. Lando*, 441 U.S. 153, 177, (1979)). Rule 26(b)(1) provides the following guidelines regarding discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Information need not be admissible in evidence to be discoverable. *Id.* "The District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.,* 160 F.3d 428, 431 (8th Cir.1998) (citation omitted). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). A protective

order may forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters.  Fed. R. Civ. P. 26(c)(1)(D).

"Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Dapron v Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. Jan. 9, 2019) (citing *CitiMortgage, Inc. v. Allied Mortg. Group, Inc.*, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)).  "The party must demonstrate that requested discovery does "not come within the broad scope of relevance defined pursuant to Rule 26(b)(1)...." *Dapron*, 329 F.R.D. at 227 (citing *Jo Ann Howard & Assocs. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. Nov. 19, 2014)).  "However, although the standard of relevance in the context of discovery may be broader than in the context of [admissibility], 'this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery.'" *Ariel Preferred Retail Group, LLC v. CWCapital Asset Mgmt.,* 2012 WL 1620506, at *3 (E.D.Mo. May 9, 2012) (quoting *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir.1992)).

### III.    Discussion

In accordance with the rulings made on the record at the hearing and the Court's review of the parties' briefing, the following rulings are made regarding the discovery motions.

**A.    Motion to Compel Directed at Movant DSS**

The Court granted DSS an additional 45 days to respond to Plaintiff's subpoena.  DSS has provided documents responsive to requests 1 and 2.  DSS stated it would provide responses to requests 3 to 16 later during the same week.  DSS stated that the requests numbered 17, 18, 19, 20, 21, and 22 were incredibly broad, because the search resulted in an astronomically high number of documents.  DSS stated that the e-mail correspondence required an incredible amount of "man

hours to go through." DSS also stated that request 19 requested information regarding the wrong child. The time period begins after Plaintiff has provided revised narrower search terms to DSS.

**B.    Motion to Compel Directed to Great Circle and Kelly Ann Connelly**

    **1.    Plaintiff's Requests for Production 57, 58, 59**

The parties argued this motion before the Court and provided subsequent briefing regarding these requests for production. Based on the argument at the hearing and the parties' briefing, the Court will deny Plaintiff's request to overrule Defendant's objections. Defendant objected to providing documents without a court order, because Missouri law specifically prohibits Defendant from disclosing the documents requested by Plaintiff. *See* Mo. Rev. Stat. § 210.150 (persons disclosing confidential documents under Missouri statues subject to prosecution for Class A misdemeanor). Plaintiff admitted that he could request the same documents from the State of Missouri and that he wanted to publicly disclose the documents. Pursuant to Fed. R. Civ. P. 26(b)(2)(C) and 26(c)(1), the Court finds that exposure to criminal prosecution is an undue burden and the discovery can be obtained from the State of Missouri. The case *Pearson v. Miller*, 211 F.3d 57 (3rd Cir. 2000), cited by Plaintiff, is not binding authority in this circuit and the statute at issue in that case is not analogous to the Missouri statute at issue in this case.

    **2.    Plaintiff's Interrogatories 3, 14 and Requests for Production 50, 51, 56**

The Court denied Plaintiff's requests to overrule the objections to Interrogatories 3 and 14 and Requests for Production of Documents 50, 51, and 56 for the reasons stated on the record.

    **3.    Plaintiff's Interrogatories 2(j), (k)[1]**

The Court granted Plaintiff's request to overrule Defendant's objection on the record.

---

[1] This interrogatory was mislabeled as 1(j), (k) at the hearing and in the briefing.

### 4. Plaintiff's Interrogatory 19(f)

The Court denied Plaintiff's request to overrule Defendant's objection on the record.

### 5. Plaintiff's Request for Production 55

The Court granted Plaintiff's request in part and ordered Defendant to provide responses regarding any corrective action plans for foster care services between 2012 and 2017.

### 6. Plaintiff's Request for Production 56

The Court ordered Plaintiff and Great Circle to confer regarding the scope of the interrogatory, including, but not limited to, foster care services provided between 2012 and 2017. The parties should meet regarding defining the scope of reporting similar incidents of mistreatment of minors to the State of Missouri. If the parties are unable to resolve, the parties can seek the Court's guidance.

### 7. Plaintiff's Requests for Production 60 and 61

The hearing ended immediately after the parties' argument on these requests. The Court has considered the arguments and the parties' briefing and will deny Plaintiff's requests to overrule Defendant's objections. At the hearing, the Court advised the parties to work together to narrow the scope of the requests, including, but not limited to, narrowing the requests to the provision of foster care services.

### 8. Plaintiff's Interrogatory 19 and Request for Production 46 Directed at Connelly

The Court reviewed the parties' briefing on these discovery requests and will deny Plaintiff's request to overrule Defendant's objections.

### C.      Great Circle's Motion to Compel Directed at Plaintiff [Doc. 59.]

Great Circle submitted Interrogatories and Requests for Production of Documents ("RFPD") to Plaintiff on April 2, 2020.  The parties met and conferred on April 30, 2020 regarding objections filed by the Plaintiff and were unable to reach an agreement.

Interrogatories 1-11 requested the facts, documents, or other evidentiary support for various paragraphs (Paragraphs 10, 12, 16, 17, 18, 19, 20, 21, 22, 29, 34, 51, 57) in Plaintiff's Petition.  Plaintiff filed the following objection to Interrogatories 1-11:

> Plaintiff objects on the basis that this is a contention interrogatory and discovery is not yet closed.  For that reason, it is premature for Plaintiff to provide a full and complete response.  Plaintiff moves for a protective order pursuant to Fed. R. Civ. P. 33(a)(2).

Plaintiff stated that he should not have to answer the Interrogatories and produce the documents requested for several reasons.  First, Plaintiff states that these are contention interrogatories and it is premature to ask them to respond when Defendants and DSS have produced "zero discovery."  Plaintiff asserted he needs discovery from the Defendants and DSS to respond.  Second, Plaintiff states that Defendant's RFPD seeks work product.  Defendant states that the interrogatories and RFPD are not contention interrogatories, because it is seeking the factual support for the allegations in Plaintiff's Petition.  Defendant also states that its RFPD does not seek work product and Plaintiff should either produce the documents or state none.

Here is one example of the Interrogatories:

> 1. Identify the facts, documents, or evidentiary support for your factual contention in Paragraph 10 of your Petition that the October 7, 2015 report identified Harris as a suspect in causing injuries to Decedent that required her to seek medical treatment on August 2, 2015, including identification of the particular page number in the report.

6

> **OBJECTION**: Plaintiff objects on the basis that this is a contention interrogatory and discovery is not yet closed. For that reason, it is premature for Plaintiff to provide a full and complete response. Plaintiff moves for a protective order pursuant to FRCP 33(a)(2).

Here is one example of the RFPD and Plaintiff's objection:

> 1. Produce any documents, electronically stored information, or other tangible things supporting your allegation in your Petition that the October 7, 2015 report identified Harris as a suspect in causing injuries to Decedent that required her to seek medical treatment on August 2, 2015.
>
> **OBJECTION**: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use.: FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged .

"[T]he purpose of discovery is to allow the parties to gain, at least, the basic information necessary to prepare for trial or make an informed decision about settlement." *Desert Orchid Partners, L.L.C., v. Transaction Sys. Architects, Inc.,* Nos. 8:02CV553, 8:02CV561, 2006 WL 1805936, at * 1 (D. Neb. June 28, 2006) (citing advisory committee notes to 1993 amendments to Fed. R. Civ. P. 26). "Having basic information regarding the elements of a plaintiff's claim "may

very well provide the defendants a 'roadmap' for further discovery decreasing the time and cost of litigation." *Id.*

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

> The term "contention interrogatories" refers to several types of questions. They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. *They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.*

*In re Grand Casinos, Inc.*, 168 F.R.D. 615, 618 (D. Minn. 1998) (citing *McCarthy v. Paine, Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (emphasis in original). "Contention interrogatories are, generally speaking, permissible under Rule 33(a)." *Leeb v. Charter Communications, Inc.*, No. 4:17-CV-2780 SRC, 2019 WL 4576450 at 5 (E.D. Mo. Sept. 20, 2019) (citing *Starcher v. Correctional Med. Sys., Inc.*, 144 F.3d 418, 421, n.2 (6th Cir. 1998)). "Contention interrogatories may be helpful 'in that they may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense.'" *Bituminous Cas. Corp. v. Scottsdale Ins. Co.*, No. 1:12-CV-84 SNLJ, 2013 WL 1411544 at *1 (E.D. Mo. Apr. 8, 2013). "[C]ontention interrogatories are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case." *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). "Thus, … interrogatories may 'properly ask for the 'principal or material' facts which

8

support an allegation or defense.'  In addition, interrogatories may seek the identities of knowledgeable persons and supporting documents for the 'principal' or 'material' facts supporting an allegation or defense." *Moses*, 236 F.R.D. at 674.

A number of district courts in this circuit have held, however, "that contention interrogatories need not be answered until discovery is complete or nearly complete in accordance with Fed.R.Civ.P. 33(a)(2)." *Coleman v. Dental Organization for Conscious Sedation, LLC*, No. 4:10-CV-798 TIA, 2011 WL 2600407 at * 1 (citing *Helmut v. Butterball, LLC*, No. 4:08-CV-343 JLH, 2010 WL 4537096 at *1 (E.D. Ark. Nov. 3, 2010)); *see also Cairo Marine Serv., Inc. v. Homeland Ins. Co. of New York,* No. 4:09CV1492 CDP, 2010 WL 4614693, at *3 (E.D. Mo. Nov. 4, 2010) (ordering party to respond to contention interrogatories where discovery was closed and interrogatories were reasonable in scope, appropriately timed, and relevant to the case).

Based on the foregoing, the Court will grant Defendant Great Circle's Motion to Compel.  The interrogatories as written by Great Circle are not improper contention interrogatories.  Plaintiff can always supplement the discovery responses if additional information is uncovered during discovery to provide a more complete response to the interrogatories or requests for production of documents.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion to Compel Disclosure and Discovery and Sanctions is **GRANTED in part and DENIED in part** as detailed above.  [Doc. 50.]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel against third-party Missouri Department of Social Services is **DENIED without prejudice** as stated above.  [Doc. 57

9

**IT IS FURTHER ORDERED** that Defendant Great Circle's Motion to Compel against Plaintiff is **GRANTED**.  [Doc. 59.]

                                            /s/ Nannette A. Baker
                                            NANNETTE A. BAKER
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of August, 2020.