**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KYLE HARVEY, Natural and Biological Father of A.H., a Deceased Minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GREAT CIRCLE, et al., | ) ) |
| Defendants. | ) ) |

Case No. 4:19-CV-902-NAB

# ORDER

This matter is before the Court on its own motion to address the parties' communications with district court staff members and set forth expectations going forward. The Court also takes this opportunity to address other troubling behavior in this litigation.

It is well-settled that "[b]y its nature as a court of justice, the district court possesses inherent powers 'to manage its affairs so as to achieve the orderly and expeditious disposition of cases.'" *Wescott Agri–Products, Inc. v. Sterling State Bank, Inc.,* 682 F.3d 1091, 1095 (8th Cir. 2012) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)). These powers include the authority "'to police lawyer conduct and to guard and to promote civility and collegiality among the members of its bar.'" *Wescott Agri–Products,* 682 F.3d at 1096 (quoting *Sahyers v. Prugh, Holliday & Karatinos, P.L.,* 560 F.3d 1241, 1244 (11th Cir. 2009)).

At the Rule 16 Conference in this case, I informed counsel of the expectation that the parties would work cooperatively together through discovery to disposition of this case. This expectation remains the same. The parties, through counsel, are expected to work together whether requesting extension of deadlines and court hearings or scheduling depositions. These are routine events in the life of litigation and should not be overly complicated. The Court fully expects

counsel to remain civil and reasonable in their communications with each other whether in person, by telephone, or in writing, including legal pleadings.

The parties are also reminded that their communications with the Court and its staff should be professional and civil.  The Court uses the convenience of e-mail to quickly notify the parties about routine procedural matters, including modification of hearing dates, telephone conference or ZoomGov links, and other minor matters.  The Court's purpose in using e-mail is to make efficient use of Court time and to eliminate the need for ex parte communications.  The Court has noticed that, unlike the Court's other cases, however, the use of e-mail communications in this case has been misused.

On April 20, 2020, my law clerk e-mailed the parties with the telephone conference information for the discovery motion hearing set for May 20, 2020.  The parties then exchanged e-mails among themselves, with my law clerk and case management team copied on the e-mail, about whether the hearing date was appropriate.  My law clerk responded to that e-mail exchange as follows:  "Good morning counsel, If any party wishes to request a different hearing date or any other relief, you may file a motion for Judge Baker's consideration.  In accordance with the Local Rules, please remember to state in your pleading whether the motion is by consent or unopposed."

On August, 5, 2020, Defendants filed a motion for protective order, which Plaintiff opposed.  On August 6, 2020, Plaintiff's counsel e-mailed a member of my case management team the following:

> From our perspective the Court can sign off on the proposed order given its ruling in Doc.#82 (August 4, 2020).  Per the Court's order in Doc#86, Plaintiff is not entitled to Defendant's discovery until 5 days after this order is signed. We need this to properly answer the Defendants' discovery by the 9-2-20 deadline imposed by the Court.

The case management team member contacted chambers staff and I instructed them to respond to Plaintiff's counsel's e-mail directing him to file a response to the motion using CM-ECF. The case management team member responded as follows: "The Court does not accept responses to pending motions by e-mail. Any responses to pending motions must be filed using the Court's electronic case management system." Plaintiff's counsel then filed a "snippy" Memorandum to the Court that stated in its entirety, "Per the Court's August 4, 2020 Order [Doc #82], the proposed order emailed by Kate Hahlik to Alicia Thompson on August 6, 2020 that references Doc #85 may be entered over Plaintiff's overruled objection thereto." [Doc. 87.]

Therefore, the Court will direct the parties, in this case only, that they are not to initiate e-mail communication with anyone in the U.S. District Court's Clerk's office or my chambers staff. Counsel may respond to e-mail inquiries sent to them by the Clerk's office staff or my chambers that directly responds to the inquiry made to them.

Next, the parties have filed multiple lengthy discovery motions in this case. Very little of the discovery conducted in this case has not been subject to a motion to compel. Because of the high level of activity in this case, unlike the vast majority of cases in this court, the Court has intervened several times in the discovery process.

Plaintiff's counsel has also requested hearings for every motion he has filed, which requires coordination with the Court, third parties, and opposing counsel. Court staff, my chambers staff, and the Court have repeatedly informed Plaintiff's counsel and his staff about the Court's procedures and practices, but these are promptly forgotten when the next motion is filed.

For example, Plaintiff's counsel's staff members repeatedly contact multiple people by e-mail and phone calls within a one or two day period to request a hearing date for one motion. Plaintiff's counsel's staff even e-mailed the Clerk of the Court to get a hearing date on a motion

3

to amend the case management order, a motion for which the Court does not normally hold a hearing.  Plaintiff's counsel's staff frequently do not divulge that they have already contacted someone else by phone or e-mail and received a response or left a voicemail.  Counsel's staff appear to be searching for someone to give into their immediate demand for a hearing date.  This behavior is unacceptable and will no longer be tolerated.

      Anytime a party contacts the Court, I am notified by my case management team or the staff members in my chambers.  It is a waste of the Court staff's time to receive multiple communications (e-mails and phone calls) regarding one motion.  It is a waste of judicial resources for the staff members to contact me and each other to find out what "emergency" is causing these multiple communications sometimes immediately after a motion is filed or before the other side has responded.  Further, the Court is not required to grant a motion hearing or grant an immediate hearing date just because Plaintiff's counsel demands one.

      The Court has told the parties that if they would like the Court to hear a motion, they should confer on mutually agreeable dates and submit those dates to the court.  If the Court grants the movant's request for a hearing, the Court will compare the dates with the Court's calendar and set a hearing date.  This eliminates situations where the Court sets a hearing date and then the parties request a different hearing date due to conflicts with counsel's schedules.  Because we are also operating in a state of emergency with some staff and attorneys working remotely since March, it is even more important for the Court to have cooperation with setting court proceedings.  Further, the Court prefers to set hearing dates after motions are fully briefed.  In a previous order, the Court informed all parties that they could request a hearing date by filing the request in a motion or contacting the case management team.  Court staff has asked the parties to select mutually

agreeable dates for motions hearings before making a hearing request.  The Court notes that this is the *only* case where this procedure is repeatedly not followed.

In the most recent example of this conduct, Plaintiff filed a second motion to compel against a non-party on Thursday, August 20, 2020 and requested an evidentiary hearing.  [Doc. 89.] The next day, Friday, August 21, 2020, plaintiff's counsel filed an amended motion to compel and requested an evidentiary hearing against the same non-party within ten days.  [Doc. 90.] Plaintiff's counsel's staff member e-mailed a member of the Court's case management team and requested a hearing date on Monday, August 24, 2020.  The case management team member contacted chambers and responded to Plaintiff's staff member the same date stating that the Court normally sets hearings after the motions are fully briefed and that counsel could send the Court excludable dates, including for vacations and trial.  On Tuesday, August 25, 2020, Plaintiff's counsel's staff member then left a voicemail message for a different member of my case management team requesting a hearing date.  That case management team member then contacted chambers.  Plaintiff's counsel's staff member did not disclose that she had communicated with and received a response the day before.  On Wednesday, August 26, 2020, my law clerk contacted Plaintiff's counsel's staff member and inquired why this staff member had called multiple people about one motion when she had already received a response to her initial inquiry.  The staff member stated that the attorney wanted a hearing within 10 days and they needed a court order so that the non-moving party would know about the motion.  The law clerk asked if the non-moving party had been served with the motion.  The staff member responded yes and that they had actually communicated with the non-moving party's counsel by e-mail.  The law clerk informed the staff member that the Court did not have to grant a hearing on the motion just because counsel asked for one and also repeated the same information that had been previously given about setting of

hearing dates after a motion has been fully briefed, conferring with opposing counsel, and providing the Court with mutually agreeable dates. The law clerk also asked the staff member to inform Plaintiff's counsel and anyone else working on the case to stop calling and e-mailing multiple people regarding the same request.

The district court's Local Rules allow parties 14 days to file responses in opposition to motions and then the moving party is allowed 10 days to file a reply memorandum. E.D.Mo. L.R. 4.01(B)-(C). Plaintiff's counsel's staff member was requesting a hearing date that was before the deadline for responding to the motion and without providing the Court with available dates as instructed. While other courts or judges may have different practices, I have not had problems with other counsel following these simple requests.

Based on the foregoing, the Court will order that the parties in this case submit all requests for hearings in a properly filed motion using CM-ECF. Before filing the motion, the parties must confer with the other side regarding mutually agreeable dates and submit those dates with the motion. Even if a party opposes the request for a hearing, that party must still provide available dates to opposing counsel in the event that the court grants the motion. The parties will still have all of the time allowed under the rules to respond to the motions, unless the Court orders an expedited response.

Finally, I remind the parties that there is a global pandemic occurring right now. Everyone in this nation is dealing with upheaval of schedules and normal routines. It is in everyone's best interests to cooperate well and extend grace when needed. Zealous advocacy for the client does not mean that collegiality should be abandoned.

Accordingly,

6

**IT IS HEREBY ORDERED** that as of the date of this order, the parties in this case may not initiate e-mail communication with anyone in the U.S. District Court Clerk's office or my chambers staff. Counsel may respond to e-mail inquiries from the Clerk's office staff or my chambers that directly responds to the inquiry made to them.

**IT IS FURTHER ORDERED** that as of the date of this order, all requests for hearings must be in the form of a properly filed motion using CM-ECF. Before filing the motion, the parties must confer with the other side regarding mutually agreeable dates and submit those dates with the motion. Even if a party opposes the request for a hearing, that party must still provide available dates to opposing counsel in the event that the court grants the motion. The parties will still have the time allowed under the rules to respond to the motions, unless the Court orders an expedited response.

**IT IS FURTHER ORDERED** that counsel for all parties must provide a copy of this Order to all of their attorneys and staff members who will be working on this case. The Court will provide a copy of this Order to chambers staff, my case management team, and other staff in the Clerk's office.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of September, 2020.