**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KYLE HARVEY, Natural and Biological Father of A.H., a Deceased Minor, ) ) ) Plaintiff, ) ) v. ) ) GREAT CIRCLE, et al., ) ) Defendants. ) | Case No. 4:19-CV-902-NAB |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Amended Motion to Compel and to Enforce Subpoena Directed to non-party Missouri Department of Social Services ("DSS"). [Doc. 90.] DSS filed a Memorandum in Opposition to Plaintiff's Motion to Compel. [Doc. 93.] The Court held a hearing on September 16, 2020. Counsel for Plaintiff, Defendants, and DSS appeared at the hearing. Based on the following, the Court will grant in part, deny in part, and hold in abeyance in part, Plaintiff's Amended Motion to Compel.

**I.   Background**

On January 16, 2020, Plaintiff issued a subpoena to DSS requesting the production of certain documents. [Doc. 90-1.] Plaintiff issued an amended subpoena on August 25, 2020. [Doc. 90-2.] Plaintiff's counsel and counsel for DSS communicated regarding the discovery production, but Plaintiff's counsel had not received all of the discovery responses by mid-April. Plaintiff filed a motion to compel against DSS on April 21, 2020. [Doc. 57.] DSS filed a memorandum in opposition to Plaintiff's Motion to Compel. [Doc. 65.] After a hearing on the motion to compel, the Court denied the motion to compel without prejudice. The Court granted DSS an additional

45 days to respond, with the time period beginning after Plaintiff provided revised and narrower search terms to DSS.  [Doc. 82.]

DSS filed a Motion for Protective Order agreed to by all parties on August 4, 2020.  [Doc. 81.]  The order was granted and entered on the same date.  [Doc. 83.]

On August 20, 2020, Plaintiff filed a second Motion to Compel against DSS.  [Doc. 89.]  Then, Plaintiff filed an Amended Motion to Compel against DSS.  [Doc. 90.]  Plaintiff has several disputes with DSS regarding its responses to the subpoenas.  Movant DSS filed a Memorandum in Opposition.  [Doc. 93.]

## II.     Standard of Review

District courts are accorded wide discretion in dealing with discovery matters.  *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 2013 WL 3225802, at *2 (E.D. Mo. June 25, 2013) (citing *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988)). Because discovery rules "'should be construed to secure the just, speedy, and inexpensive determination of every action,' ... judges should not hesitate to exercise appropriate control over the discovery process."  *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Herbert v. Lando*, 441 U.S. 153, 177, (1979)).

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the benefit.  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in evidence to be discoverable.  *Id.*  "The District Court does have discretion to limit the scope of discovery."  *Credit Lyonnais v. SGC Int'l, Inc.,*

160 F.3d 428, 431 (8th Cir.1998) (citation omitted). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). A protective order may forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D).

"Upon a showing by the requesting party that the discovery is relevant, the burden is on the party resisting discovery to explain why discovery should be limited." *Dapron v Spire, Inc.*, 329 F.R.D. 223, 227 (E.D. Mo. Jan. 9, 2019) (citing *CitiMortgage, Inc. v. Allied Mortg. Group, Inc.*, 2012 WL 1554908, at *2 (E.D. Mo. May 1, 2012)). "The party must demonstrate that requested discovery does "not come within the broad scope of relevance defined pursuant to Rule 26(b)(1)...." *Dapron*, 329 F.R.D. at 227 (citing *Jo Ann Howard & Assocs. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. Nov. 19, 2014)). "However, although the standard of relevance in the context of discovery may be broader than in the context of [admissibility], 'this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery.'" *Ariel Preferred Retail Group, LLC v. CWCapital Asset Mgmt.,* 2012 WL 1620506, at *3 (E.D.Mo. May 9, 2012) (quoting *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir.1992)).

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must

3

organize and label them to correspond to the categories in the demand." Fed. R. Civ. P. 45(e)(1)(A). "A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A). "The court for the district where compliance is required- and also, after a motion is transferred, the issuing court- may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "As provided for in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." Fed. R. Civ. P. 34(c).

**III.   Discussion**

Plaintiff presented two main issues regarding DSS' discovery responses to the subpoenas.

First, Plaintiff objected to DSS' assertion of attorney-client privilege in communications and documents that involved Defendant Great Circle's employees. At the hearing, Plaintiff requested additional time for Plaintiff and DSS to brief the issue. Therefore, the Court granted the parties additional time to brief this issue. Plaintiff's briefing is due September 23, 2020. DSS' briefing and documents for *in camera* review are due September 30, 2020.

Second, Plaintiff objected to DSS' redaction of documents based on several state and federal statutes, regulations, and court orders. The following rulings were made on the record. The Court granted Plaintiff's motion for unredacted access to substance use abuse information regarding William Allen Harris' drug test result. The Court granted Plaintiff's motion to the extent that Plaintiff is requesting unredacted information that pertains solely to deceased minor child A.H. Plaintiff's motion is denied as it pertains to any redacted information regarding any non-parties,

4

including non-party children.  The Court granted Plaintiff's motion for the unredacted names of case workers who were not identified as hotline reporters.  Plaintiff's motion is denied in all other respects, with the exclusion of the documents that will be viewed *in camera*.

Third, the Court ordered Plaintiff to provide Defendants all of the discovery responses Plaintiff has received from DSS.

Fourth, the Court denied Plaintiff's request for *in camera* review of Docs 1678-1708, 1741-1753, 1786-1827, 1831, 1835-1847, and 1853-1861 and all documents labeled by Plaintiff as "highly pertinent."

Finally, Plaintiff made an oral motion to extend the deadline for amendment of pleadings and represented to the Court that the current deadline was October 15, 2020.  After a review of the First Amended Case Management Order issued on August 6, 2020, the Court notes that the deadline for amendment of pleadings is November 16, 2020.  [Doc. 86.]  Therefore, the Court will revise its on the record ruling granting Plaintiff leave until October 29, 2020 and now denies the motion as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel and Enforce Subpoena Directed to Missouri Department of Social Services is **DENIED as moot**.  [Doc. 89.]

**IT IS FURTHER ORDERED** that the Court will hold in abeyance its ruling regarding the documents Missouri Department of Social Services identified as subject to attorney-client privilege with Great Circle's employees until after the parties have briefed the issue.  [Doc. 90.]

**IT IS FURTHER ORDERED** that Plaintiff shall file his briefing regarding the attorney-client privilege issue no later than September 23, 2020 and movant DSS shall file its briefing and the documents submitted for *in camera* review no later than September 30, 2020.

**IT IS FURTHER ORDERED** that the remainder of Plaintiff's Amended Motion to Compel and to Enforce Subpoena Directed to non-party Missouri Department of Social Services is **GRANTED in part** and **DENIED in part** as outlined above.  [Doc. 90.]

**IT IS FURTHER ORDERED** that Plaintiff shall provide Defendants all of the discovery responses Plaintiff has received from DSS.

**IT IS FURTHER ORDERED** that Plaintiff's oral motion to continue the amendment of pleadings deadline is **DENIED as moot**.  [Doc. 96.]  The deadline remains November 16, 2020.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of September, 2020.