UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE HARVEY, NATURAL AND BIOLOGICAL FATHER OF A.H., A MINOR, DECEASED, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREAT CIRCLE, KELLY ANN CONNELLY, MISSOURI ALLIANCE FOR CHILDREN AND FAMILIES, LLC AND EMILY ANN RINEHART, )<br>)<br>)<br>)<br>)<br>)<br>Defendant. ) | Cause No. 4:19-cv-00902<br><br>Division No. |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO AMEND COMPLAINT AND JOIN ADDITIONAL PARTY DEFENDANTS [DOC. #107] AND REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION THERETO [Doc.#110]**

**COMES NOW** Plaintiff, Kyle Harvey, Natural and Biological Father of A.H., a Minor, Deceased, by and through attorney E. Ryan Bradley of The Bradley Law Firm and for his Memorandum in Support of this Motion to Amend Complaint and Join Additional Party Defendants states as follows to this Court:

I.   **Introduction**

Defendants' motion seeks to preclude Plaintiff from both amending his complaint and adding Rinehart and Missouri Alliance as party Defendants. [Doc.#110]. As this Court is aware, this case is assigned to Track 3 (Complex). Doc.#106. The subject of amending the pleadings has been repeatedly discussed as was the fact that additional defendants may need to be added. The

Court set the date for the joinder of additional parties or amendment of the pleadings to occur by March 16, 2021. [Doc. #106]

Defendants' arguments against joinder miss the mark. Defendants wholly fail to address FRCP 19 and 20 which control the joinder of additional party defendants. A careful inspection of Defendants' motion reveals no argument as to why Plaintiff could be afforded complete relief by disposing of this action without Rinehart or Missouri Alliance's participation as contemplated by FRCP 19. Likewise, there is no argument as to why Plaintiff's right to relief does not arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact are common to all defendants. Rather, Defendants argue Rinehart and Missouri Alliance should not be joined because of a flawed statute of limitations argument (an affirmative defense required to be asserted and proven by these new defendants under FRCP 12). Defendants then attack the merits of Counts III, IV, V, VI, VIII, X and XI on behalf of both themselves as well as Rinehart and Missouri Alliance. Defendants even go as far as arguing a motion to dismiss type argument on Count IX- one that does not even pertain to them- on behalf of Rinehart and Missouri Alliance. Simply put, whether Rinehart or Missouri Alliance should be added as party defendants in this case should only be confined to the issues set forth in Rules 19 and 20.

Defendants then argue amendment of the pleadings should be disallowed because the claims are "futile." According to the Defendants, these claims cannot withstand a motion to dismiss for failure to state a claim. This Court already rejected Defendants' mirror-image arguments within its Motion to Dismiss on Counts I, II and III. *Compare* Doc#1-1, Plaintiff's Complaint in Counts I, II and III to Plaintiff's Amended Complaint, Doc#107-1 in Counts I, II and III as they are nearly identical; *See* Doc. #5 (Defendants' Motion to Dismiss) and Doc.#12 (the Court's "Memorandum and Order" entered on 10-29-2019 rejecting these arguments on all

Counts). Defendants' invitation to relitigate these matters is a waste of the Court's time and should be denied. Defendants then attack the remainder of the Counts for a variety of illusory and illogical reasons by arguing facts outside the pleadings.

## II. Plaintiff Met the Minimum Requirement for Joinder under FRCP 19 and 20.

Plaintiff seeks joinder of Emily Rinehart and Missouri Alliance under Rule 19 as parties whose absence from the case would result in incomplete relief to Plaintiff and disposing of the action in their absence would impair and/or impeded Plaintiff's ability to obtain full and complete relief. In the alternative, Plaintiff seeks to add these parties under FRCP 20 on the basis that Plaintiff's right to relief is asserted against her jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact are common to all defendants.

Instead of addressing the factors set forth in FRCP 19 and 20, Defendants argue disputed facts (the contents of a court order, the scope of the Children Division's authority, etc.) and propositions of law (statute of limitations) in a seeming effort to, ***on behalf of Rinehart and Missouri Alliance*** prevail on a motion to dismiss and/or affirmative defenses. This is not a tactic that is allowed for by the rules nor do these Defendants have standing to make such arguments. It is elementary that affirmative defenses are required to be asserted by the party against whom the claims are made. FRCP 12. The current Defendants do not- and cannot- claim any of the allegations against them are time-barred.

If the Court is inclined to address Defendants' statute of limitations argument, Plaintiff will quickly correct Defendants' misstatement of the law. The statute of limitation for *all* 42 USC 1983 causes of action in Missouri, including those involving wrongful death, is 5 years. Wilson v. Garcia, 471 U.S. 261, 280, 105 S. Ct. 1938, 1949, 85 L. Ed. 2d 254 (1985); Holt by &

through Holt v. Glenn, No. 07-5106-CV-SW-JCE, 2009 WL 10704658, at *2–3 (W.D. Mo. Apr. 2, 2009). Plaintiff only alleges 48 USC 1983 causes of action against the new defendants.

Simply put, Plaintiff is at risk for not obtaining full and complete relief if both Rinehart and Missouri Alliance are not made party defendants. The trier of fact could determine that one or both were primarily at fault and this could lead to an "empty chair" type argument from the current defendants. Moreover, Great Circle's ability to pay any verdict rendered against it in this case is in serious question considering the litany of legal problems it faces.

**III.     Plaintiff Met The Minimum Requirement for Amendment of the Pleadings.**

Plaintiff seeks amendment of the pleadings under FRCP 15. As Defendants correctly note, the Court should freely grant leave when justice so requires unless there is "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the non-moving party, or futility of the amendment." FRCP 15.

Defendant again argues "futility" because of an incorrect legal determination that the statute of limitations expired. Plaintiff will not reargue that point. The remainder of Defendant's motion quibbles, incorrectly, with what is a "count" versus a "claim." Plaintiff's pleading wholly conforms to FRCP 10, which specifically states, in relevant part, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." FRCP 10(b). Defendant then improperly attempts to argue facts outside of the pleadings in an effort to deprive Plaintiff of amendment. Certainly, if matters outside the pleadings are improper when considering a motion to dismiss, they equally cannot be considered in the instant motion.

McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007). Defendants then re-argue many of the illogical positions that were rejected by this Court in its Motion to Dismiss. Doc. #5 (Defendants' Motion to Dismiss) and Doc.#12 (the Court's "Memorandum and Order") entered on 10-29-2019.

### IV.     Conclusion

In conclusion, Plaintiff has met the very low threshold for both adding Emily Rinehart and Missouri Alliance as party defendants under FRCP 19 and 20 as well as amendment of the Complaint under FRCP 15.

**WHEREFORE**, for the above stated reasons, Plaintiff respectfully requests this Court permit the filing of Plaintiff's Amended Complaint and direct the clerk to issue summons upon Emily Rinehart and Missouri Alliance for process and for any such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ E. Ryan Bradley

By: _____

E. Ryan Bradley, #53777
The Bradley Law Firm
Attorney for Plaintiff
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Ryan@thebradleylawfirm.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Friday, March 5, 2021, I electronically filed the foregoing Certificate of Service with the Clerk of the Court using the **Missouri Courts E-Filing System** which was sent notification of such filing to all counsel of record.  I further certify that I

signed, or caused my electronic signature to be place upon the original of the foregoing documents and that a copy of the foregoing was sent via the Court's efiling system to.

Casey F. Wong
Sandberg, Phoenix & von Gontard
Attorney For: Great Circle
600 Washington Ave - 15th Floor
St. Louis, MO  63101
Phone: (314) 231-3332
Fax: (314) 241-7604
Email Address: cwong@sandbergphoenix.com

Philip C. Graham
Sandberg Phoenix & von Gontard
Attorney For: Great Circle
600 Washington Ave - 15th Floor
St. Louis, MO  63101
Phone: (314) 231-3332
Fax: (314) 241-7604
Email Address: pgraham@sandbergphoenix.com

Stephen M. Strum
Sandberg Phoenix & von Gontard
Attorney For: Great Circle
600 Washington Ave - 15th Floor
St. Louis, MO  63101
Phone: (314) 231-3332
Fax: (314) 241-7604
Email Address: sstrum@sandbergphoenix.com


/s/E. Ryan Bradley