UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE HARVEY, Natural and Biological Father of A.H., A Deceased Minor,<br><br>Plaintiff,<br><br>v.<br><br>GREAT CIRCLE and KELLY ANN CONNELLY<br><br>Defendants. | Cause No. 4:19-cv-00902<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS KELLY ANN CONNELLY AND GREAT CIRCLE'S SUR-REPLY TO PLAINTIFF'S REPLY MEMORANDUM

COME NOW Defendants Great Circle and Kelly Ann Connelly, by and through its undersigned counsel, and submits the following Sur-Reply to Plaintiff's Reply Memorandum (Doc. 111), stating the following:

*Futility is a common ground for denying leave to amend and Plaintiff fails to address all but one argument.*

Plaintiff's Reply erroneously asserts "Defendants' arguments against joinder miss the mark." Defendants never made any arguments with respect to joinder whatsoever finding it unnecessary because of the various other grounds as to why Plaintiff's claims are insufficient, barred, or non-existent.

Futility is a valid and common ground for denying leave to amend on some or all counts and courts "examine each of the counts alleged in plaintiff's Amended Complaint to determine if there are any viable claims." *Henderson v. United Auto Workers Local*

*249 Union,* Case No. 4:16-cv-00763-FJG, *6 (W.D. Mo. Aug. 11, 2017); *see also Rozelle v. St. Louis County Retirement Program*, Case No. 4:12-cv-00450-NAB at *8 (E.D. Mo. July 31, 2012) (denying leave to file an amended pleading to add a new defendant as time barred and futile).

Contrary to Plaintiff's argument, evaluating each of the counts will save time and resources and as discussed below there is no re-litigation whatsoever. Except for one argument (which Defendants withdraw as described and explained below), Plaintiff's Reply Memorandum fails to address the substantive issues raised in the Memorandum in Opposition.

***The grounds and arguments raised in Defendants' Memorandum in Opposition are new and completely different than those asserted in their prior Motion to Dismiss.***

Plaintiff's Reply erroneously asserts "This Court already rejected Defendants' mirror-image arguments within its Motion to Dismiss on Counts I, II and III." (Doc. 111, p. 2) and hopes the Court will not simply examine and compare Doc. 5 and Doc. 110.

While Plaintiff's Complaint (Doc. 1-1) and Plaintiff's Amended Complaint (Doc. 107-1) are in many respects very similar, the arguments raised in Defendants' prior Motion to Dismiss (Doc. 5 and 6) are *completely different* than those raised in their Memorandum in Opposition (Doc. 110). As plainly stated in Defendants' prior briefing on the Motion to Dismiss:

> Plaintiff's Complaint fails to state a claim upon which relief can be granted for three independent reasons: (1) qualified immunity pursuant to Missouri Statute §210.114; (2) Section 210.135's immunity also applies and bars Plaintiff's lawsuit against Great Circle; and (3) there is no proximate causation between Great Circle's alleged negligence and decedent's death. (Doc. 5)

Far from being a "mirror-image," nowhere in Defendants' Memorandum in Opposition (Doc. 110) is there any mention of any of these arguments.

Moreover, the Court's Order denying Defendants' Motion to Dismiss addressed only these three arguments finding it was "premature to dismiss these claims without further fact development." (Doc. 29 at p. 12). The Court never addressed the different issues and arguments raised in Defendants' Memorandum in Opposition (Doc. 110).

Defendants' Memorandum in Opposition raises arguments based on the statute of limitations, failure to state viable, cognizable claims, and insufficient factual allegations which failed to state a claim under the Rule 12(b)(6) dismissal standard of review and the established *Twombly/Iqbal* plausibility standard. Except for one statute of limitations argument (addressed below), Plaintiff's Reply Memorandum completely fails to engage the substantive merit arguments on every issue.

### *The Court should reject Plaintiff's non-merit, red herring arguments.*

Plaintiff's Reply Memorandum next complains that Defendants' brief argues "disputed" facts that are "outside of the pleadings." (Doc. 111, p. 3). Defendants' brief did briefly discuss some facts like the November 3, 2015 Order from the Juvenile Court to show that unsupported factual allegations continue to be made. This Order is not disputed, although it is outside of the pleadings; however, and more importantly, the Order in no way formed part of the basis as to why leave should be denied.

There is no law or logic to support Plaintiff's claim that Defendants lack "standing" or are somehow prohibited by the "rules" to oppose Plaintiff's Motion for

3

Leave and his proposed Amended Complaint (Doc. 111, p. 5). Plaintiff cites no legal authority for such contention and Defendants are not aware of any. Additionally, the joinder of any new parties will be materially prejudicial to the existing Defendants. After the first lawsuit was filed and dismissed upon Defendant's Motion to Dismiss, Plaintiff filed a second lawsuit which has been pending before the Court since April 2019. The Case Management Order has been amended several times and the addition of additional parties (who were known from the start) will result in more, materially prejudicial delay to this litigation for Defendants based on non-existent or insufficient claims.[1]

### *Statute of Limitations*

One of the arguments made in Defendants' Memorandum in Opposition was that the expired wrongful death statute of limitations precluded *all* of Plaintiff's new claims attempting to join additional party defendants. (*See* Doc. 110, pp. 7-8). While the state law claims are barred by the three-year wrongful death statute of limitations under Mo. Rev. Stat. § 537.100, the undersigned counsel believes the argument that the federal civil rights claims under 42 U.S.C. §§ 1983 and 1985 are also barred by the three-year wrongful death statute of limitations is not warranted by existing case law. The undersigned asserted this argument in good faith but now believes it to be erroneous and mistaken (explained below) and Defendants seek to withdraw this argument.

---

[1] Akin to litigants' obligation to avoid imposing undue burdens on third parties responding to subpoenas (Fed. R. Civ. P. 45(d)(1)), it seems that litigants should generally try to minimize the burden and hassle to third parties in every aspect of litigation which sometimes can and does entail raising arguments on behalf of others. Plaintiff's groundless argument that Defendants lack standing is a red herring, misses the mark, and fails to engage or address the substantive merit arguments.

4

In *Wilson v. Garcia*, 471 U.S. 261, 268 (1985), the Supreme Court instructed courts to borrow from the applicable state law statute of limitations that is "most analogous" to a plaintiff's claim. In *Wilson*, a personal injury case, the Court found the § 1983 claims were "best characterized as personal injury actions" and affirmed the lower judgment applying the state personal injury statute of limitations.

Missouri wrongful death claims are unique and distinct from other tort claims being wholly a creation of statute which provides a framework unlike personal injury claims including a substantive three-year statute of limitations that trumps other potentially applicable statute of limitations. For example, in *Gramlich v. Travelers Ins. Co.,* 640 S.W.2d 180, 186 (Mo. App. E.D. 1982), the Missouri appellate court found the three-year wrongful death statute of limitation applied instead of the two-year medical malpractice statute of limitation where the death resulted from medical malpractice.

On March 3, 2021, Plaintiff's counsel informed defense counsel Phil Graham that he believed the Defendants' position on the statute of limitations was erroneous. Upon further research defense counsel believes the argument that Plaintiff's federal civil rights claims are barred by the three-year statute of limitations to be unwarranted by existing law. The undersigned was not aware that courts have adopted the view that the personal injury statute of limitation will apply to a § 1983 claim even where wrongful death is at issue.[2]

---

[2] In *Anderson v. City of Minneapolis*, 934 F.3d 876, 880 (8th Cir. 2019), the Eighth Circuit in *a wrongful death action* found the limitations period for the § 1983 claim should be Minnesota's six-year personal injury statute and not its three-year wrongful death statute. Even though counsel believes a distinction should be made under Missouri

14846533

On March 4, 2021, Mr. Graham informed Plaintiff's counsel that we would be withdrawing this argument in a pleading that would be filed Friday, March 5, 2021. Plaintiff's Reply Memorandum was filed prior to Defendants' filing, which is why the above is stated herein and not in a separate prior filing. The undersigned regrets his error in making the above-described argument which he now understands is not warranted by existing law.

Defendants still believe Plaintiff's Motion for Leave can and should be denied in its entirety on the separate and distinct grounds previously set forth and argued.

### *Plaintiff asserts a variety of claims beyond § 1983.*

Simply put, Plaintiff's claim that "Plaintiff only alleges 48 USC 1983 causes of action against the new defendants" is another erroneous assertion and just flat wrong.

In Doc. 107-1, Counts VI and VII purport to state claims of "vicarious liability" against Great Circle and Missouri Alliance. Count VI makes no reference or mention to a § 1983 claim but merely states Connelly was acting in the scope of her employment and Great Circle and Missouri Alliance are somehow "vicariously liable" for her actions. In Count VII, Plaintiff expressly alleges Emily Rinehart was "negligent" and Great Circle and Missouri Alliance are somehow "vicariously liable" for her actions, again making no mention of a § 1983 claim. Moreover, it is axiomatic that vicarious liability is inapplicable to § 1983 suits. *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018).

---

law due to the unique nature of wrongful death claims and pursuant to 42 U.S.C. § 1988, under the current state of existing case law the undersigned believes the Eighth Circuit would most likely hold the same under Missouri law and not make a distinction between personal injury and wrongful death actions, although under Missouri law a compelling argument can be made that such a distinction should be made.

Separately and additionally, Counts VIII (against Great Circle) and IX (against Missouri Alliance) are *expressly* claims for "negligent" hiring, retention, training, and monitoring, not § 1983 claims. These and any other contemplated state law claims asserted against the Missouri Alliance or Rinehart are barred by the three-year wrongful death statute of limitations.

### *Plaintiff's silence implicitly concedes the arguments asserted.*

Aside from Plaintiff's failure to articulate how there is any risk for not obtaining full and complete relief beyond his conclusory assertions,[3] Plaintiff's argumentation misses the mark and fails to address the grounds and arguments raised in Defendants' Memorandum in Opposition.

Defendants' Memorandum in Opposition raised far more than just an argument based on the statute of limitations and minor "quibbles," (Doc. 111, p. 4), and Plaintiff's silence on these issues is an implicit concession that he cannot address the valid grounds and futility arguments made. Plaintiff's Reply does not address or explain how "intentional tort" (Count II) and "vicarious liability" (Counts VI and VII) are viable

---

[3] Other than reciting the formulaic phrase of "complete relief," Fed. R. Civ. P. 19(a)(1)(A), Plaintiff's Motion for Leave is completely devoid of any articulation as to how or why Plaintiff would be subject to incomplete relief without required joinder of Missouri Alliance and Rinehart (Doc. 107) which therefore fails on its face.

Similarly, on its face Plaintiff's Motion for Leave (Doc. 107) fails to articulate why permissive joinder under Rule 20 is proper or appropriate and therefore fails. In any event the determination of joinder is not a matter of right but "a matter for discretion of the district court." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974); *Clayton v. Brennan*, Case No. 4:18-cv-01039-JAR (E.D. Mo. Oct. 7, 2019) (denying leave to add a new party and new claims sixteen months after first filing suit, stating: "To permit the joinder—which, by definition, is not necessary to the prosecution of her claims—would be unduly prejudicial to the proposed new defendants and would only serve to further delay this case.").

7

claims. Plaintiff's Reply does not address the lacking factual allegations to plead a § 1983 claim (Count III). Plaintiff's Reply does not address or explain how theories of liability for a § 1983 claim (Counts IV and V) are somehow separate counts or valid causes of action. Plaintiff's Reply does not address the complete absence of any factual allegations for the negligence claims in Counts VIII and IX. Plaintiff's Reply does not address his § 1985 conspiracy claims in Counts X and XI and their failure to state a claim on their face.

WHEREFORE, Defendants respectfully request the Court deny Plaintiff's Motion for Leave (Doc. 107) in its entirety.

SANDBERG PHOENIX & von GONTARD P.C.

By:   */s/ Casey F. Wong*
Casey F. Wong, #62258MO
Stephen M. Strum, #37133MO
Philip C. Graham, #40345MO
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
cwong@sandbergphoenix.com
sstrum@sandbergphoenix.com
pgraham@sandbergphoenix.com

*Attorneys for Defendants*
*Great Circle and Kelly Ann Connelly*

## Certificate of Service

      I hereby certify that on the 8th day of March 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

E. Ryan Bradley
Julia M. Kerr
The Bradley Law Firm
ryan@thebradleylawfirm.com
Julia@thebradleylawfirm.com
*Attorney for Plaintiff*

                                                 */s/ Casey F. Wong*

14846533