UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE HARVEY, *Natural and Biological Father of A.H., a Deceased Minor,* </br></br> Plaintiff, </br></br> v. </br></br> GREAT CIRCLE and KELLY ANN, CONNELLY, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Case No. 4:19-CV-00902 NAB |

## MEMORANDUM OPINION AND ORDER[1]

This matter is before the court on Plaintiff's motion for leave to amend his complaint and to join additional party defendants. (Doc. 107.) Defendants filed their opposition to the motion (Doc. 110.) Plaintiff filed a reply brief (Doc. 111) and motion for hearing (Doc. 113). Defendants filed a surreply to Plaintiff's reply memorandum. (Docs. 115, 119.) The court held a hearing on the motion and subsequently ordered Plaintiff to file a revised proposed amended complaint, allowing further time for Defendants to file a response in opposition. (ECF No. 117.) Plaintiff then filed a revised amended complaint (Doc. 120), and Defendants filed their renewed opposition to the motion to amend (Doc. 123). Plaintiff filed an additional memorandum supporting his amended complaint. (Doc. 125.) Defendants filed a further reply. (Doc. 126.) Upon review of the parties' filings and as set forth below, Plaintiff's motion for leave to amend his complaint will be denied.

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 21.)

## I. Background

Kyle Harvey ("Plaintiff") originally filed this action in the Circuit Court of Jefferson County, Missouri, bringing Missouri state law claims for wrongful death due to negligence and intentional tort, and federal claims for wrongful death pursuant to 42 U.S.C. §§ 1983, 1985 against Defendants Great Circle and Kelly Ann Connelly, for the death of Plaintiff's minor child, A.H. (the "Decedent"). (Doc. 1.) Defendant Great Circle removed this action based on federal question jurisdiction. *Id.* Great Circle filed a motion to dismiss which was joined by Connelly (Docs. 5, 22), and Plaintiff filed a motion to remand (Doc. 14). Plaintiff's response in opposition to Defendants' motion to dismiss moved for leave to amend Plaintiff's complaint, in the alternative. (Doc. 25.) The undersigned denied Plaintiff's motion to remand, along with his motion to dismiss, and denied Defendants' motion to dismiss. (Doc. 29.)

The initial case management order, which set the deadline to join of additional parties or the amend of pleadings to June 15, 2020, was issued on November 14, 2019. (Doc. 35.) Upon motion by Plaintiff, the court issued amended case management orders on August 6, 2020 (Doc. 86) and December 16, 2020 (Doc. 106). The second amended case management order, which is the operant order, set the deadline to join additional parties or amend pleadings to March 16, 2021. (Doc. 106.) Plaintiff filed the instant motion to amend his complaint on January 28, 2021. (Doc. 107.) Defendants subsequently moved to stay the deadlines in the second amended case management order pending the court's ruling on the instant motion. (Doc. 121.) The court stayed the pending deadlines, granting Defendants' motion. (Doc. 124.) Plaintiff's motion to amend his complaint is now fully briefed. All references to Plaintiff's proposed amended complaint refer to the revised amended complaint. (Doc. 120.)

## II.      Legal Standard

Plaintiff's motion for leave to amend his complaint and add two additional parties implicates Rules 15(a), 19, and 20. "[W)]ether to allow a party to amend [its] complaint is left to the sound discretion of the district court[.]" *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Where the right to amend a pleading as a matter of course has already expired, Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P 15(a)(2). Absent such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [or] futility of amendment," the court should allow a party to amend its complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Delay alone is insufficient to deny a party's motion to amend, and any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment. *See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981). An opposing party can show prejudice by showing that amendment involves adding a new theory of recovery after substantial development in the case, would require additional discovery, or different factual and legal issues than the allegations in the original complaint. *See Bell*, 160 F.3d at 454.

Futility may be the basis to deny leave to amend a complaint when the claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Cornelia I. Crowell GST Trust v. Possis Med. Inc.*, 519 F.3d 778, 781-82 (8th Cir. 2008). In other words, the proposed amended complaint must state a cause of action under the Rule 8 pleading standard set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010). To meet the *Twombly* standard, "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the pleading standard does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Id (*quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). Likewise, "naked assertions devoid of further factual adornment" or pleadings that offer only labels and conclusions or a formulaic recitation of the elements of the cause of action are insufficient to meet the standard. *Id (*citing *Twombly*, 550. U.S. at 555, 557) (internal quotations omitted). "It is the facts well pleaded, not the theory of recovery or legal conclusions, that state a cause of action[.]" *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999), cert. denied, 531 U.S. 873 (2000) (internal quotations and citations omitted). The plausibility requirement is satisfied when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu Inc.,* 925 F.3d 955, 962 (8th Cir. 2019). Because "a district court generally may not consider material outside the pleadings" when ruling on a motion to dismiss under Rule 12(b)(6), the court looks solely to the sufficiency of the allegations in a proposed amended complaint to determine whether a claim is futile. *Schwend v. United States Bank, N.A.*, No. 4:10-cv-1590 CDP, 2011 U.S. Dist. LEXIS 122558, at *7-8 (E.D. Mo. Oct. 24, 2011) (internal quotations and citations omitted). However, to warrant dismissal, "it should appear from the allegations that a cause of action does not exist, rather than that a cause of action has been defectively stated." *Winget v. Rockwood*, 69 F.2d 326, 329 (8th Cir. 1934).

Federal Rule of Civil Procedure 19(a)(1) states that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A). Rule 20(a)(2) states that persons may be joined in

one action as defendants "if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 2(a)(2). Because "the need for alternative joinder of defendants typically arises when the substance of the plaintiff's claim indicates that he is entitled to relief from someone, but he does not know which of two or more defendants is liable under the circumstances set forth in the complaint," permissive joinder under Rule 20 is liberally construed. *See Block Indus. v. DHJ Indus., Inc.*, 495 F.2d 256, 258-59 (8th Cir. 1974) (internal citations and quotations omitted).

### III.    Discussion

Plaintiff's initial complaint, originally filed in the Circuit Court of Jefferson County, alleged three separate counts against both current party defendants Great Circle and Connelly: (I) wrongful death premised on negligence; (II) wrongful death premised on intentional tort; (III) wrongful death premised on 42 U.S.C. §§ 1983, 1985. (Doc. 1-1.) Plaintiff's most recent proposed amended complaint adds Emily Rinehart and the Missouri Alliance for Children and Families LLC ("Missouri Alliance") as additional party defendants, retains the original state wrongful death claims against Great Circle and Connelly for counts (I) and (II), and brings the following additional claims: (III) wrongful death premised on 42 U.S.C. § 1983 against Great Circle, Connelly, Rinehart, and Missouri Alliance; (IV) vicarious liability for the actions of Connelly, against Great Circle and Missouri Alliance; (V) vicarious liability for the actions of Rinehart, against Great Circle and Missouri Alliance; (VI) negligent hiring, retention, training, and monitoring, against Great Circle; (VII) negligent hiring, retention, training, and monitoring, against Missouri Alliance; (VIII) conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985 against Great Circle,

Connelly, Rinehart, and Missouri Alliance; and (IX) failure to prevent conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1986, against Great Circle, Connelly, Rinehart, and Missouri Alliance.

Defendants argue that Plaintiff's motion to amend his complaint and join additional parties should be denied because the proposed claims fail to state a claim as a matter of law and are therefore futile. More specifically, Defendants assert that: (A) Count II fails to state a claim because Missouri state law does not recognize a cause of action for intentional tort; (B) Count III fails as a to meet the pleading requirements of Rule 8 because it improperly and impermissibly attempts to lump the proposed additional defendants without providing a factual basis to distinguish their conduct, fails as a matter of law because it alleges vicarious liability, which is inapplicable to § 1983 claims, and also fails to state sufficient factual allegations to plead a § 1983 claim against either Missouri Alliance or Rinehart; (C) Counts IV and V fail as a matter of law because vicarious liability is not a cognizable claim, because any claim based on the negligence of Connelly or Rinehart are futile due to the statute of limitations on negligence claims, and that vicarious liability claims based on any § 1983 or constitutional violations are duplicative of Count III and should be barred; (D) Count VI is futile because it is redundant and duplicative of Count I and separately fails to state a claim for relief due to a lack of factual allegations; (E) Count VII is futile because the statute of limitations on negligence claims has passed and fails to state a claim because it presents only speculative labels and legal conclusions that do not meet the Rule 8 standard; (F) Count VIII fails to state a claim for conspiracy under § 1985 because Plaintiff has not alleged that there was a meeting of the minds by Defendants, specify what right(s) were violated, and because Defendants were not required to perform a child fatality review panel; and

(G) Plaintiff's § 1986 claim should fail because his § 1985 claim fails. Each of the challenged counts (II-IX) and the joinder of Rinehart and Missouri Alliance are discussed separately below.

    A.    Count II – Wrongful Death Premised on Intentional Tort

Count II of Plaintiff's proposed amended complaint references the Missouri Wrongful Death Act. Mo. Rev. Stat. § 537.080.1. Plaintiff alleges that Defendants Great Circle and Connelly had a duty to comply with federal and state laws regarding permanency planning as well as all written policies of the Children's Division of the Missouri Department of Social Services, including the Missouri Child Welfare Manual, and caused the decedent's death through intentional breach of their duties to the decedent. Without specifically identifying the behavior of either Connelly or Great Circle, Plaintiff alleges that "Defendant intentionally breached their duties" because they knew or could have known that Decedent would be endangered by placement with her mother and because they failed to adequately investigate the nature and extent of the relationship between A.H.'s mother and her paramour, William Allen Harris ("Harris"), failed to adequately develop and/or implement adequate safeguards for Decedent at the time they recommended reunification, failed to request or secure a negative drug test from Harris prior to reunifying Decedent with her mother, failed to report that reasonable cause existed to suggest that Decedent might be subjected to abuse or neglect as a result of the reunification, failed to keep the Court reasonably informed as to the housing, care, and supervision of Decedent, intentionally and in bad faith withheld material information from the Juvenile Court concerning who was living with Decedent or that Harris was allowed to have unsupervised contact with Decedent, and knowingly defied a court order that Decedent shall not be allowed to live with her mother and have any unsupervised contact with Harris until he had a clean drug screen requested and approved by the family court team. (Doc. 120 ¶ 67(a)-(i).) Plaintiff also alleges that Decedent's death was

intentionally caused by the Defendants and that Decedent's death was a direct and proximate cause of Defendants' intentional dereliction of duties. *Id*. ¶¶ 68-69.

As Defendants note, Missouri law does not recognize a general cause of action for intentional tort, nor does it recognize a wrongful death cause of action under intentional tort. The Missouri Approved Jury Instructions, for instance, include specific instructions for the intentional torts of assault, battery, false imprisonment, fraudulent misrepresentation, libel, malicious prosecution, service letters, slander, tortious interference with contract, conversion, retaliatory discharge or discrimination, and employee's breach of duty of loyalty. Missouri Approved Jury Instructions (Civil) 23.01-23.14 (8th ed.) ("MAI"). "(T)he Missouri Approved Jury Instructions, as created and interpreted by the Missouri Supreme Court, are the substantive law of the state." *Lockhart v. United States*, 834 F.3d 952, 955 (8th Cir. 2016). Furthermore, Plaintiff's allegations mirror those of a negligence claim: Plaintiff alleges that Defendants owed a duty to the decedent, that Defendants breached that duty, and that the breach of their duty was the cause of decedent's death. Under Missouri law, to state a claim for wrongful death by negligence, a plaintiff "must prove the existence of a duty to be performed by the defendant, a breach of that duty, and a resulting injury caused by the breach." *Brown v. Bailey*, 210 S.W.3d 397, 407 (Mo. App. 2006) (citing *Ladish v. Gordon*, 879 S.W.2d 623, 628 (Mo. App. 1994)). Plaintiff's allegations in Count II fall squarely within the ambit of his Count I claim for wrongful death premised on negligence. In fact, Plaintiff's allegations for wrongful death premised on intentional tort largely mirror his allegations for wrongful death premised on negligence. (Doc. 120 ¶¶ 48, 67.) Additionally, "(t)he theories of negligence and intentional tort are contradictory and mutually exclusive. Evidence of an act purposely done negates negligence." *Jones v. Marshall*, 750 S.W.2d 727, 728 (Mo. App. 1988). Plaintiff's conclusory allegations that Defendants intentionally caused the death of Decedent are

naked assertions devoid of further factual adornment. Plaintiff has failed to state a cause of action for wrongful death premised on intentional tort, and Plaintiff's motion to amend Count II is denied.

      B.      Count III – Wrongful Death Premised on 42 U.S.C. § 1983

Plaintiff's proposed amended complaint alleges that Great Circle, Connelly, Rinehart, and Missouri Alliance deprived Decedent of her constitutionally protected due process rights under the Fourteenth Amendment by violating an order of the Missouri Juvenile Court when they allowed her to be left unsupervised with Harris, who cohabitated with Decedent's mother, through misrepresentations made to the Juvenile Court that Harris had a clean drug screening, and subjected Decedent to an abusive and dangerous situations by failing to adhere to their duties to care for Decedent. Plaintiff's amended Count III is substantially similar to that of the original complaint. However, where the original complaint makes factual allegations about Great Circle's awareness that its case workers were overworked and that Connelly subverted the applicable rules and regulations due to the untenable workload, Plaintiff's proposed amended complaint adds Rinehart's name to allegations which previously referenced only Connelly, and regularly refers to acts by "Defendants" without making specific factual allegations about any single Defendant. At times Plaintiff collectively refers to Defendants as separate from case managers and supervisors, and at other times refers to Defendants as being in a position to physically return Decedent into the custody of her mother, affirmatively placing Decedent into a position of danger.

"[T]o state a cause of action under § 1983, a plaintiff must plead facts that would tend to establish that the defendant's wrongful conduct[] *caused* the constitutional deprivation." *Zutz*, 601 F.3d at 851 (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71,

375-77 (1976); *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978) (per curiam)). Consequently, "merely lumping the defendants into a group and providing no factual basis to distinguish their conduct . . . fail[s] to give each named defendant fair notice of the grounds for the claims made against him or her . . . [which] results in a pleading that fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure." *Dewalt v. Brauner*, No. 4:19-cv-46 JCH, 2020 U.S. Dist. LEXIS 67030, at *15-16 (E.D. Mo. Apr. 16, 2020). Although Plaintiff alleges that "Connelly and Rinehart's actions were done with deliberate indifference, evil motive, or reckless indifference to the rights of Decedent and justify the imposition of punitive damages against them, (Doc. 120 ¶ 95), Plaintiff has not alleged any facts specific to either Connelly or Rinehart that would show a causal link and direct responsibility for the deprivation of Decedent's rights. Plaintiff alleges that Great Circle knew that its employees were overworked and improperly trained, that Connelly and Rinehart lacked the proper training and experience for their job duties, and that they were overloaded with work which led them to subvert certain rules and regulations designed to ensure the safety of children. However, when it comes to specific allegations regarding Decedent, Plaintiff alleges that Decedent's death resulted directly from the actions of "Defendants" generally. *Id*. ¶¶ 87-93. These lumped allegations do not comply with Rule 8(a) of the Federal Rules of Civil Procedure, do not provide the Court with any basis for distinguishing between Plaintiff's claims against Connelly, Rinehart, Great Circle, and Missouri Alliance, and do not give the Court a factual basis for liability of the Defendants named in this Count. Plaintiff's proposed amended complaint does not make it clear exactly what misconduct Rinehart or Missouri Alliance is alleged to have committed, and it therefore lacks sufficient factual matter to survive a motion to dismiss. Furthermore, vicarious liability is inapplicable to § 1983 suits. *Iqbal*, 556 U.S. at 676. To the extent that Plaintiff alleges that Missouri Alliance and Rinehart are liable for the actions of Great Circle

and Connelly, such claim is unavailable. Therefore, Plaintiff's amendment to Count III of his complaint is futile and will be denied.

        C.        Counts IV and V – Vicarious Liability for the Actions of Connelly and Rinehart

Plaintiff seeks to hold Great Circle and Missouri Alliance vicariously liable for Connelly's negligence and intentional conduct asserted in Counts I, II, and III (Count IV) and for Rinehart's negligence and intentional conduct asserted in Counts I and II (Count V). (Doc. 120 ¶¶ 99, 102, 107.) Without citing to a specific cause of action, Plaintiff alleges that "[t]here is no single omnibus civil rights statute," that various statutes including 42 U.S.C. § 1983, the Civil Rights Act of 1964, the Age Discrimination in Employment act, and the Americans with Disabilities Act were created to protect specific aspects of civil rights from infringement, that no act "specifically address[es] vicarious liability and there is no legislative history addressing the subject," and that "there is an inconsistent application of vicarious liability in civil rights laws." *Id*. ¶ 100. Plaintiff acknowledges that the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit have rejected vicarious---*respondeat superior*---liability claims and notes that the Supreme Court has recognized a certain category of vicarious liability claims under Title VII of the Civil Rights Act of 1964 while it has rejected vicarious liability claims brought under Title IX of the same act. *Id.* Plaintiff characterizes this as "an inconsistent application of vicarious liability in the context of civil rights laws" and asserts that "the Court should move Section 1983 and Title IX to the strict employer liability standard that courts applied in Title VII cases before . . . some courts [] conclude[d] that employers should not be held automatically liable for workplace discrimination."

Defendants argue that Plaintiff's Counts IV and V fail as a matter of law because vicarious liability is not a separate cognizable claim, because any vicarious liability claims against Missouri

Alliance under the wrongful death statute should be barred by the statute of limitations, and because vicarious liability is unavailable under section 1983.

Plaintiff has not pleaded sufficient factual matter to state a claim to relief that is plausible on its face. Rather than alleging separate causes of action, Plaintiff's Counts IV and V of the proposed amended complaint put forth a theory of recovery for Plaintiff's wrongful death and section 1983 claims. More specifically, Plaintiff states that Great Circle and Missouri Alliance are vicariously liable for all of Connelly's actions alleged in Counts I-III, and all of Rinehart's actions under Missouri's wrongful death statute and 42 U.S.C. § 1983. (Doc. 120 ¶¶ 102, 107.) While Plaintiff argues that vicarious liability should be available in Section 1983 claims despite the prevailing case law of the Eighth Circuit and the United States Supreme Court, as discussed above, Plaintiff has not alleged specific facts that show that Missouri Alliance would give this Court a basis to find that Missouri Alliance was liable for the constitutional deprivation alleged. To the extent that Plaintiff's vicarious liability claim extends to his wrongful death negligence claim, Plaintiff's claim is barred by the three-year statute of limitations imposed by the Missouri statutory scheme. Mo. Rev. Stat. § 537.100 ("Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue"). Moreover, although Plaintiff asserts that Great Circle and Missouri Alliance are vicariously liable for all of Rinehart's actions under the wrongful death statute and section 1983, Plaintiff has not amended Count I to allege that Rinehart would be liable for Decedent's death under the wrongful death statute, and has not made specific allegations that Rinehart would be liable under section 1983.

Alternatively, Missouri state law provides a cause of action for negligent supervision. "To successfully prove the tort of negligent supervision, a plaintiff must plead and prove the following: (1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against

unreasonable risks of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property." *Davis v. Lutheran S High Sch. Ass'n*, 200 S.W.3d 164, 165-66 (Mo. App. 2006) (citing *Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc.*, 700 S.W.2d 426, 431 (Mo. 1985) (en banc)). "[A] negligent supervision claim requires as a necessary and indispensable element that the employee be acting outside of the scope of her employment." *Nickel v. Stephens Coll.*, 480 S.W.3d 390, 402 (Mo. App. 2015) (citing *Truck Ins. Exch. v. Prairie Framing, LLC*, 162 S.W.3d 274, 277 (Mo. App. 2000)). However, Plaintiff alleges that both Connelly and Rinehart acted within the course and scope of their employment at all relevant times (Doc. 120 ¶¶ 101, 106.)

Plaintiff fails to allege sufficient facts which would allow the Court to draw a reasonable inference that Great Circle or Missouri Alliance are vicariously liable for the actions of Connelly or Rinehart and therefore fails to state a claim for relief. As such, Plaintiff's proposed amendment by adding Counts IV and V is denied on the basis of futility.

   D.  Counts VI and VII Negligent Hiring, Retention, Training, and Monitoring

Plaintiff alleges that Great Circle and Missouri Alliance were negligent in their hiring, retention, training, and monitoring of Connelly and Rinehart and other employees in connection with the Decedent's care, which caused or contributed to the negligence of Connelly and Rinehart and caused or contributed to the death of Decedent. Plaintiff alleges that Missouri Alliance had a direct contract, with the Children's Division of the State of Missouri Department of Social Services, for the provision of foster care management services within Jefferson County at all times relevant to this action and subcontracted the services to Great Circle. Plaintiff further alleges that Missouri Alliance's contract with the State of Missouri required it and Great Circle to comply with and implement the requirements of all relevant federal and state laws, regulations, and policies

pertaining to foster care management services and that both Missouri Alliance and Great Circle assumed a duty of care to children under their care. Plaintiff alleges that Great Circle's foster care managers and supervisors either negligently or intentionally failed to perform their required duties with respect to Decedent, that Great Circle's negligent hiring and retention of Connelly and Rinehart, as well as other employees connected to Decedent's care, caused or contributed to Decedent's death, and that Missouri Alliance's negligent hiring and retention of Great Circle caused or contributed to Decedent's death and that it constituted a reckless indifference of the well-being of Decedent. (Doc. 120 ¶¶ 110-13, 116-20.)

Under Missouri law, "[t]o establish a claim for negligent hiring or retention, a plaintiff must show: (1) the employer knew or should have known of the employee's dangerous proclivities, and (2) the employer's negligence was the proximate cause of the plaintiff's injuries." *Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. 1997) (en banc) (citing *Gaines v. Monsanto Co.*, 655 S.W.2d 568, 571 (Mo. App. 1983)). Unlike a negligent supervision claim, negligent retention does not require that an employee be acting outside the scope of her employment. *See Hejnal v. U.S. XPress, Inc.*, No. 4:17-cv-2557 CAS, 2018 U.S. Dist. LEXIS 11304, at *11 (E.D. Mo. Jan, 24, 2018) (citing *Gibson*, 952 S.W.2d at 246). However, to show that the first element of a negligent hiring or retention claim has been met, a plaintiff "must allege that the employee demonstrated dangerous proclivities before committing the act that caused the injury at issue" and that an employer's knowledge of the employee's dangerous proclivities was based on prior acts of misconduct. *See Lambert v. New Horizons Cmty. Support Servs.*, No. 2:15-cv-04291 NKL, 2016 U.S. Dist. LEXIS 51300, at *11 (W.D. Mo. Apr. 18, 2016) (citing *Moreland v. Farren-Davis*, 995 S.W.2d 512, 517 (Mo. App. 1999)).

Though Plaintiff's proposed amended complaint does allege that Great Circle "has a long history of abusing minors in its care, custody and control in violation of their constitutional rights," (Doc. 120 ¶ 58) and cites to numerous pending criminal proceedings against Great Circle, Plaintiff has not alleged that Great Circle had demonstrated dangerous proclivities prior to being hired by Missouri Alliance or that there were other acts of misconduct prior to causing the alleged harm to Decedent. Likewise, Plaintiff has not alleged that Connelly or Rinehart demonstrated dangerous proclivities which would have given Great Circle cause to know of their dangerous proclivities. Therefore, Plaintiff cannot maintain a claim for negligent hiring or retention against either Great Circle or Missouri Alliance. Furthermore, as discussed above, any negligence claim against Missouri Alliance would be barred by the statute of limitations. As such, Plaintiff's proposed amendment by adding Counts VI and VII is denied.

      E.      Counts VIII and IX – Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985 and Failure to Prevent Conspiracy to Interfere with Civil Rights

Plaintiff alleges that Great Circle, Connelly, Rinehart, and Missouri Alliance conspired to deprive Kyle Harvey and Decedent of equal protection rights by failing to perform a child fatality review panel and issue a final report as required by Missouri state law. Plaintiff further alleges that each defendant had actual knowledge of the conspiracy to prevent or aid in the prevention of the of the conspiracy and failed to do so in violation of 42 U.S.C. § 1986.

To state a claim for conspiracy under 42 U.S.C. § 1985, a plaintiff must allege that (1) the defendants conspired; (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, that (3) one or more of the conspirators did or caused to be done any act in furtherance of the conspiracy, and (4) as a result, another was injured in his person or property or deprived of having and exercising any vital

privilege of a citizen. *Pitts v. City of Cuba*, 913 F. Supp. 2d 688, 704 (E.D. Mo. 2012). "'[I]t is well settled that conclusory allegations of a conspiracy are insufficient to state a claim under § 1985(3).' Rather, 'there must be some showing of facts to support a conspiracy claim.'" *Rollen v. Coates*, No. 2:08-cv-34 JCH, 2009 U.S. Dist. LEXIS 67081, at *10 (E.D. Mo. Aug. 3, 2009) (quoting *Dubray v. Rosebud Housing Auth.*, 565 F. Supp. 462, 466 (D.S.D. 1983)). "A cause of action under § 1986 is dependent on a valid claim under § 1985." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981).

Plaintiff's proposed amended complaint alleges only that Great Circle participated in a Fatality Review Panel, that Great Circle purposely did not allow anyone with first-hand knowledge of Decedent's case to participate, that no final report was ever issued by the fatality review panel, and that the evidence may bear that Great Circle, Connelly, Rinehart, and Missouri Alliance conspired to directly or indirectly fail to perform a child fatality review and issue a final report. Plaintiff also alleges that those same parties had actual knowledge of the conspiracy and failed to prevent it. Plaintiff has not alleged any facts which would allow the Court to draw a reasonable inference that the Defendants conspired, or met any single element to state a claim for conspiracy. Plaintiff's unadorned statement that he was "injured in his individual capacity and as the representative of Decedent" falls short of the Rule 8 pleading standard and fails to state a cause of action. Without more, Plaintiff's conclusory statements about the alleged conspiracy between Great Circle, Missouri Alliance, Connelly, and Rinehart are insufficient to establish a conspiracy claim. As such, Plaintiff's amendment of the complaint by adding Counts VIII and IX is denied.

### IV.     Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint and Join Additional Party Defendants (Doc. 107) and revised amended complaint (Doc. 120) are **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file a motion to amend the case management order within seven days of this Order.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of October, 2021.