# Exhibit B

**Plaintiff's Supplemental Responses to Requests for Production**
**[redacting materials ordered sealed, screenshots of confidential DSS records]**

16282119

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| *KYLE HARVEY, Natural and Biological*<br>*Father of A.H., A Deceased Minor,* | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 4:19-cv-00902 |
| *GREAT CIRCLE and KELLY ANN* | ) | |
| *CONNELLY* | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## PLAINTIFF KYLE HARVEY RESPONSE AND OBJECTION'S TO DEFENDANT GREAT CIRCLE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF KYLE HARVEY

COMES NOW Plaintiff, Kyle Harvey, by and through his attorney, E. Ryan Bradley of

The Bradley Law Firm, and for his response and objection's to Defendant Great Circle First Set

of Request for Production of Documents Directed to Plaintiff Kyle Harvey, hereby states:

**SUPPLEMENTAL ANSWER COMMON TO ALL REQUESTS FOR PRODUCTION:** On
August 4, 2020, the Court ruled that Plaintiff must answer this discovery noting that Plaintiff still
did not have full and complete answers to discovery and/or document production from
Defendant Great Circle, Defendant Connelly, or DSS and in light of that stated "Plaintiff can
always supplement the discovery responses if additional information is uncovered during discovery
to provide a more complete response to the interrogatories or requests for production of documents."
Accordingly, Plaintiff states he has no personal knowledge of any allegations made herein and all
allegations within the complaint were drafted by counsel, based upon facts known or likely to have
evidentiary support after a reasonable opportunity for investigation and discovery, in accordance with
MRCP 55.03 [said Petition was filed in the Circuit Court of Jefferson County, Missouri and
subsequently removed to this Court by Defendants.]

Subject to the above, Plaintiff's counsel states nearly every page of every document produced thus
far by both Great Circle and DSS has been heavily redacted. Great Circle agreed on 8-28-2020 to
unequivocally states all documents were produced, except that it improperly failed to produce emails
constituting communication between Great Circle and the State of Missouri. Furthermore, DSS has
failed to produce materials constituting communication by and between Great Circle and The State of
Missouri, but at least it referenced those emails on a privilege log. As such, Great Circle is

12813190.3

improperly withholding documents from Plaintiff. Last, the documents DSS did produce were heavily redacted. All of the above is subject to current discovery motions before the Court.

In light of the above, and the fact that nearly all the allegations contained in the operative Petition [filed in Missouri state Court] were based upon Plaintiff not having access to any of these materials, they were made after a reasonable inquiry of the available facts. Plaintiff anticipates filing an amended petition on or before the deadline imposed by the Court, which is currently October 15, 2020. Furthermore, Plaintiff states he has requested, repeatedly, the deposition of Kelly Connelly on multiple occasions, and each time such request was rebuked by defense counsel because it required Plaintiff's answers to discovery prior to scheduling.

Without waiving Plaintiff's right to contest the propriety of the Court's Order dated August 4, 2020 Order, Plaintiff will answer to the best of his ability given the limited discovery afforded to him thus far. Plaintiff's investigation is ongoing and he reserves the right to amend and supplement as additional facts are discovered.

1.      Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that the October 7, 2015 report identified Harris as a

suspect in causing injuries to Decedent that required her to seek medical treatment on August 2,

2015.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: GC-01102, GC-01213-GC-01254, Harvey v. Great Circle 001407-9, 001474, 001485, 001796-7, 02266-02281. Plaintiff notes Great Circle redacted this document so that portions cannot be read by Plaintiff and provided no redaction log explaining why such information was redacted. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

2.      Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that the October 7, 2015 report identified Harris as a suspect in fracturing Decedent's right humerus on September 8, 2015.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Harvey v. Great Circle 001451, 001454, 001458, 001467, 001795, 001797-9, 001802, 001804, 001806-7, 001809-001815, 02266-02281. Plaintiff notes Great Circle redacted this document so that portions cannot be read by Plaintiff and provided no redaction log explaining why such information was redacted. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

       3.      Produce any documents, electronically stored information, or other tangible things supporting your allegation in your Petition that, despite the Court's order, Defendants allowed the Children to immediately thereafter live with their mother, despite the fact Harris had not taken or passed a drug screen, was not approved by the family support team, and was living at the Residence.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include**

**FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Harvey v. Great Circle 001695-1696.** *See also generally* **the entire production of documents from DSS and Great Circle, which have no drug test results for Mr. Harris. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

**Beyond that, please see DSS 1695-1696 wherein it states:**



4.      Produce any documents, electronically stored information, or other tangible things supporting your allegation in your Petition that Defendants recommended Decedent be returned to the Residence of Darby and, in bad faith, misrepresented facts to the Court, which resulted in the Court ordering reunification with mother.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

4

**SUPPLEMENTAL ANSWER:** *See* **Harvey002691-2812, Court transcript. See also generally juvenile court records Harvey1-29, 94-163, 238-250, 266-284, 381-500. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

     5.     Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants knew, or could have known, that Harris

continued to reside with Darby and that Harris would regularly be left to care for Decedent.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Harvey v. Great Circle 001695-1696.** *See also generally* **the entire production of documents from DSS and Great Circle, which reflect the dates upon which Great Circle's employees contacted the family for status updates yet failed to document current home status to include residents. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

**Beyond that, please see DSS 1695-1696 wherein it states:**



     6.     Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that  Defendants recommended Decedent be reunited

with Darby when Defendants knew, or could have known, that Harris continued to live in the

Residence and was actively using and addicted to heroin and/or other controlled substances.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Harvey v. Great Circle 001755, 001821, 001822, 001824, 001825, 001851 (redacted by Great Circle so it cannot be read by Plaintiff), DSS001867-1900. *See* Harvey002691-2812 Court transcript. See generally juvenile court records Harvey1-29, 94-163, 238-250, 266-284, 381-500.   *See also generally* the entire production of documents from DSS and Great Circle, which reflect the dates upon which Great Circle's employees contacted the family for status updates yet failed to document current home status to include residents. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

**Beyond that, please see DSS 1695-1696 wherein it states:**



      7.     Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants did not perform any evaluation, screening, or additional investigation of Harris before recommending reunification.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Plaintiff states there are no documents that support the conclusion that Harris was drug tested or was specifically approved by the family support team, which would have required documentation within the files. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

       8.     Produce any documents, electronically stored information, or other tangible things supporting your allegation in your Petition that Defendants, in bad faith, represented to the Court that Harris had been drug tested and approved by Defendants, despite this being untrue.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Defendant misrepresents the allegations by failing to include paragraph 22, which states "In the alternative to Paragraph 21, Plaintiff alternatively pleads that Defendants in bad faith failed to represent to the Court that Harris had not been drug tested and approved by Defendants as a precondition of reunification with Decedent's mother." That said, please see Harvey002691-2812. Court transcript. Harvey v. Great Circle 001897-001901. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

9.      Produce any documents, electronically stored information, or other tangible things supporting your allegation in your Petition that Defendants, in bad faith, failed to represent to the Court that Harris had not been drug tested and approved by Defendants as a pre-condition of reunification with Decedent's mother.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Defendant misrepresents the allegations by failing to include paragraph 22, which states "In the alternative to Paragraph 21, Plaintiff alternatively pleads that Defendants in bad faith failed to represent to the Court that Harris had not been drug tested and approved by Defendants as a precondition of reunification with Decedent's mother." That said, please see Harvey002691-2812 Court transcript. Harvey v. Great Circle 001897-001901. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

10.      Produce any documents, electronically stored information, or other tangible things supporting your allegation in your Petition that Defendants knowingly violated stated, written policies of Children's Division, rules promulgated by the Children's Division, as well as Missouri State laws related to child abuse and neglect, Missouri State laws directly related to child abuse

and neglect activities of the Division, as well as local ordinances relating to the safety condition

of the property.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: The proposition that a document, electronically stored information, or other tangible things would tend to prove a state of mind is far-fetched. To that end, Plaintiff states no document reflects such state of mind. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

11.     Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants filed a false report and/or acted in bad

faith.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: The proposition that a document, electronically stored information, or other tangible things would tend to prove a state of mind is far-fetched. To**

that end, Plaintiff states no document reflects such state of mind. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.

      12.    Produce any documents, electronically stored information, or other tangible things

supporting your allegation that Defendants knew or could have known Harris was living in the

Residence.

**OBJECTION**: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.

**SUPPLEMENTAL ANSWER**: Harvey v. Great Circle 001755, 001821, 001822, 001824, 001825, 001851 (redacted by Great Circle so it cannot be read by Plaintiff), DSS001867-1900. *See* HARVEY002691-2812 Court transcript. *See also generally* the entire production of documents from DSS and Great Circle, which reflect the dates upon which Great Circle's employees contacted the family for status updates yet failed to document current home status to include residents. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.

Beyond that, please see DSS 1695-1696 wherein it states:



      13.    Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants knew or could have known that Harris

living in the Residence presented a clear and present danger to Decedent's life.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Harvey v. Great Circle 001695 -001696, 001408, 001409, 001411, 001425, 001431, 001450, 001454, 001457, 001474, 001477, 001494-001497, 001518, 001567-001568, 001570, 001576, 001676-001685. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

14.     Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants failed to adequately investigate the

nature and extent of the relationship between Harris and Darby at the time Defendants

recommended reunification.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Harvey v. Great Circle 001695 -001696,** *See* **HARVEY002691-2812, Court transcript. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

15.    Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants failed to adequately develop and/or

implement adequate safeguards.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

**Beyond that, please see DSS 1695-1696 wherein it states:**



16.    Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants failed to request or secure a negative

drug screen from Harris as required by Court order.

**OBJECTION**: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.

**SUPPLEMENTAL ANSWER**: GC-01278. No other documents support that the Drug Screen Release of Information was utilized by case worker Connelly. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.

17.     Produce any documents, electronically stored information, or other tangible things supporting your allegation in your Petition that Defendants negligently failed to immediately report to JCCD that reasonable cause existed to suggest Decedent might be subjected to abuse or neglect as a result of the reunification.

**OBJECTION**: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.

**SUPPLEMENTAL ANSWER**: *See generally* the entire file wherein it is replete with references to Mr. Harris as the suspected abuser. Some of those documents are: Harvey v. Great Circle

001695 -001696, 001408, 001409, 001411, 001425, 001431, 001450, 001454, 001457, 001474, 001477, 001494-001497, 001518, 001567-001568, 001570, 001576, 001676-001685. Furthermore, the notion that a document or other like media would record a failure to report is illogical. To that end, Plaintiff states there are no documents that demonstrate Defendants did in fact report reasonable cause Decedent would be subjected to abuse or neglect. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.

18.    Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants failed to keep the Court reasonably

informed as to the housing situation involving Decedent.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER:** *See generally* **the entire file wherein it is replete with references to Mr. Harris as the suspected abuser. Some of those documents are: Harvey v. Great Circle 001695 -001696, 001897-001901. Plaintiff reserves the right to timely supplement his answer as discovery is no complete and the merits of the claims are still under investigation.**

**Beyond that, please see DSS 1695-1696 wherein it states:**



Also, please see Harvey002691-2812, Court transcript wherein Connelly fails to inform the Court at any time that she told Darby it was ok for Harris to reside in the home.

19.    Produce any documents, electronically stored information, or other tangible things supporting your allegation in your Petition that Defendants intentionally and in bad faith made material misrepresentations to the Court concerning who was living with Decedent.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: The notion that a document would be supportive of a state of mind is illogical. To that end no such document exists. *See generally* the entire file wherein Connelly fails to document who was living in this house during each such interaction with the family and the court hearing transcripts wherein that information is not presented to the Court. *See* HARVEY002691-2812, Court transcript. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

**Beyond that, please see DSS 1695-1696 wherein it states:**



**Also, please see Harvey002691-2812, Court transcript wherein Connelly fails to inform the Court at any time that she told Darby it was ok for Harris to reside in the home.**

20.     Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants knowingly defied a controlling Court

Order.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a
litigant to interpret whether documents support allegations of fact or law for the opposing
party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests
for Admission] have been revised in order to permit discovery calling for opinions,
contentions, and admissions relating not only to fact but also to the application of law to
fact. Under those rules, a party and his attorney or other representative may be required to
disclose, to some extent, mental impressions, opinions, or conclusions. But documents or
parts of documents containing these matters are protected against discovery by this
subdivision. Even though a party may ultimately have to disclose in response to
interrogatories or requests to admit, he is entitled to keep confidential documents
containing such matters prepared for internal use." FRCP 26. Notably this does not include
FRCP 34. Beyond this, this request calls for attorney work product and mental impressions
as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: The notion that a document would be supportive of a state of
mind is illogical. To that end no such document exists. That said, please see Harvey v. Great
Circle 001695 -001696, and the Court transcript from November 3, 2015. *See* Harvey002691-
2812, Court transcript. Plaintiff reserves the right to timely supplement his answer as discovery
is not complete and the merits of the claims are still under investigation.**

**Beyond that, please see DSS 1695-1696 wherein it states:**



**Also, please see Harvey002691-2812, Court transcript wherein Connelly fails to inform the
Court at any time that she told Darby it was ok for Harris to reside in the home.**

21.     Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants knowingly misled the Court, in bad

faith, that the conditions to reunification had been met, when in fact they had not.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: The notion that a document would be supportive of a state of mind is illogical. To that end no such document exists. That said, please see Harvey v. Great Circle 001695 -001696, and the Court transcripts. *See* Harvey002691-2812 Court transcript. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

**Beyond that, please see DSS 1695-1696 wherein it states:**



**Also, please see Harvey002691-2812, Court transcript wherein Connelly fails to inform the Court at any time that she told Darby it was ok for Harris to reside in the home.**

22.     Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendants withheld material evidence from

Decedent's guardian ad litem.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests**

for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.

**SUPPLEMENTAL ANSWER**: The fact that there are no documents that are from Connelly or Great Circle to GAL William Dodson notifying him that Connelly told Darby that Harris could have unsupervised contact with AH is indicative of this. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.

  23. Produce any documents, electronically stored information, or other tangible things

supporting your allegation in your Petition that Defendant Connelly was overloaded with work

assigned to her by Great Circle.

**OBJECTION**: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.

**SUPPLEMENTAL ANSWER**: Harvey v. Great Circle 001697.

Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.

24.     Produce any documents, electronically stored information, or other tangible things containing any statements you contend were made by the Defendants Great Circle and/or Kelly Ann Connelly pertaining to any of the allegations in your Petition, or otherwise pertaining to any services you allege they provided, or were required to provide, Plaintiff, his decedent A.H., and/or Darby, or that you otherwise contend are related to any of the matters in this litigation.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**SUPPLEMENTAL ANSWER: The statements made by Connelly and Great Circle are too numerous to list as they relate to allegations in the petition. Moreover, counsel for Plaintiff cannot reasonably respond to this because there are dozens of allegations contained in the petition. To that end, the best response that Plaintiff can make is to generally see the entire file produced by Great Circle and DSS. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

25.     Produce any documents, electronically stored information, or other tangible things supporting any claim you are making that you incurred pecuniary damages, funeral expense, loss of support or other expenses or damages you contend are compensable in this action under the Missouri Wrongful Death Statute.

**OBJECTION: Plaintiff objects on the basis the FRCP 34 does not authorize or obligate a litigant to interpret whether documents support allegations of fact or law for the opposing party. As noted in the comments to FRCP 26, "Rules 33 [Interrogatories] and 36 [Requests for Admission] have been revised in order to permit discovery calling for opinions, contentions, and admissions relating not only to fact but also to the application of law to fact. Under those rules, a party and his attorney or other representative may be required to disclose, to some extent, mental impressions, opinions, or conclusions. But documents or**

**parts of documents containing these matters are protected against discovery by this subdivision. Even though a party may ultimately have to disclose in response to interrogatories or requests to admit, he is entitled to keep confidential documents containing such matters prepared for internal use." FRCP 26. Notably this does not include FRCP 34. Beyond this, this request calls for attorney work product and mental impressions as to how documentary evidence supports claims, which is privileged.**

**<u>SUPPLEMENTAL ANSWER</u>: Plaintiff is unaware of any document that would be responsive and conceptualize the amount of sheer distress and mental anguish felt by Plaintiff for the loss of his daughter. Plaintiff reserves the right to timely supplement his answer as discovery is not complete and the merits of the claims are still under investigation.**

Respectfully submitted,

By: /s/E. Ryan Bradley
       **E. Ryan Bradley, #53777**
       Attorney for Plaintiff
       1424 Washington Avenue, Ste 300
       St. Louis, Missouri 63103
       (314) 721-9111
       (314) 255-2765
       Ryan@thebradleylawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 2nd day of September 2020, a copy of the foregoing were e-mailed to the counsel of record:

Casey Wong
600 Washington Avenue -15th Floor
St. Louis, Missouri 63101

/s/E. Ryan Bradley