UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KYLE HARVEY, *Natural and Biological Father of A.H., a Deceased Minor*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-CV-00902 ) |
| GREAT CIRCLE and KELLY ANN, CONNELLY, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss and Motion to Remand (Docs. 211, 213). In support of his motions, Plaintiff filed memorandums (Docs. 212, 214). With leave of Court (Doc. 216), Defendants filed a response in opposition addressing both of Plaintiff's motions. (Doc. 217). Plaintiff filed a reply. (Doc. 218). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 21). For the reasons set forth more fully below, the Court will grant Plaintiff's motions and remand this action.

**I.   PROCEDURAL HISTORY**

Kyle Harvey ("Plaintiff") originally[1] filed this action in the 23rd Judicial Circuit Court of Jefferson County, Missouri, bringing Missouri state law claims for wrongful death due to negligence and intentional tort, and federal claims for wrongful death pursuant to 42 U.S.C. §§ 1983, 1985 against Defendants Great Circle and Kelly Ann Connelly, for the death of Plaintiff's

---

[1]   Plaintiff filed an initial lawsuit in 2017 against Defendant Great Circle. The 2017 case was dismissed by the Court on Defendant Great Circle's motion to dismiss to which Plaintiff never filed a response. *See Harvey v. Great Circle*, No. 4:17-CV-1021-NAB, 2017 WL 2618279 (E.D. Mo. June 16, 2017).

minor child, A.H. (the Decedent). (Doc. 1-1). On April 9, 2019, Defendant Great Circle removed this action from Missouri state court based on federal question jurisdiction over the federal constitutional claims in Count III. (Doc. 1).

Following removal, the parties filed several motions, including a motion to dismiss, motion to remand, and motion to amend. (Docs. 5, 14, 25). Following the Court's Ruling (Doc. 29), Defendants filed their Answer on November 13, 2019. (Doc. 31). The parties then engaged in contentious litigation for the next several years, which includes countless more motions requiring Court intervention. In November 2021, shortly after the Court denied Plaintiff's motion to amend his pleading (Doc. 127), Defendants filed motions for summary judgment on all counts. (Docs. 134, 137). On July 20, 2022, the Court held a hearing on Defendants' pending motions for summary judgment.[2] (Doc. 210). Pursuant to the arguments and representations made at the hearing, Plaintiff filed the instant motions.

## II.   DISCUSSION

### A.   Motion to Dismiss (Doc. 211)

Plaintiff seeks dismissal of Count III, the only count arising under federal law contained in his Complaint. (Doc. 1-1) (Count III: Wrongful Death Premised Upon a Violation of Decedent's Civil Rights Secured by 42 U.S.C. §§ 1983 and 1985). In support of his request, Plaintiff states that "[d]espite the meritorious nature of Plaintiff's claim, he elects to dismiss Count III for other reasons." (Doc. 212 at 2).[3] Defendants vehemently oppose Plaintiff's motion. Alternatively,

---

[2] The Court also heard oral arguments regarding Plaintiff's Motion to Reconsider or in the Alternative Renewed Motion to Stay and to Strike Pending Motions for Summary Judgment (Doc. 208).

[3] For ease of reference, citations made to Plaintiff's memorandum in support of his motion to dismiss (Doc. 212) are made in accordance with the pagination assigned by the Court's electronic filing system (CM/ECF).

Defendants request that the Court condition dismissal of Count III on the continued exercise of supplemental jurisdiction over the state law claims (Counts I and II).

Because Plaintiff moved for voluntary dismissal after Defendants filed their answer and motions for summary judgment, the action can be dismissed "only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). When ruling on a Rule 41(a)(2) motion, district courts must consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (citing *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013), quoting *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000)).

The United States Court of Appeals for the Eighth Circuit has stated that "a district court is obligated to 'address the plaintiff's purported reason for the voluntary motion to dismiss' and determine whether the stated purpose is proper." *Id.* at 1028 (citing *Blaes v. Johnson & Johnson*, 858 F.3d 508, 514-15 (8th Cir. 2017)). Failure to explain why voluntary dismissal is being sought and to advise what claims may be filed in a new action often justifies denying a motion to dismiss without prejudice. *Id. (*citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987); *Beavers v. Bretherick*, 227 F. App'x 518, 522 (8th Cir. 2007); *cf. Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021)). However, if the plaintiff states a proper justification and the court concludes that the relevant Rule 41(a)(2) factors support voluntary dismissal without prejudice, there is no reversible error if the district court grants the motion without explicitly addressing the "forum shopping" issue. *See Blaes*, 858 F.3d at 515. In *Blaes*, the plaintiff explained in his reply brief that he was seeking to refile his products liability action in state court and consolidate it with multiple pending actions. *Id.* at 512. The district court concluded the "reason was proper, would

3

not waste judicial time and effort, and would not prejudice defendants." *Id.* at 514. The Eighth Circuit affirmed, observing the district court "implicitly rejected defendants' argument that [the plaintiff] was forum shopping." *Id.* at 515. Further, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum. *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (cleaned up).

Here, although Plaintiff's motion only provides a vague reason for why he requests dismissal of Count III, it is clear from the Court's July 20, 2022 hearing that such a motion was likely forthcoming. At the hearing, the Court expressed serious doubt as to the merits of Plaintiff's federal claims. After the Court denied his request to amend (and thus he could not add additional defendants), Plaintiff conceded during the hearing that he did not have a § 1985 claim. Further, the Court made clear that Plaintiff's § 1983 claim was unlikely to survive summary judgment, but nevertheless would allow additional briefing on the issue. Plaintiff requested that he be allowed ten days to file a potential motion to dismiss and if he did not, allow additional time for the parties to brief issues regarding the viability of his § 1983 claims. The parties also discussed the possibility of conducting more discovery in the form of a deposition of a potential witness.

Thus, rather than have additional briefing and more potential discovery, Plaintiff filed the instant motion to dismiss and has elected to voluntary dismiss Count III *with* prejudice, which will prevent Plaintiff from re-filing the claim and prevent the parties and the Court from expending more resources on supplemental briefing and discovery related to Count III. Based on these facts, it cannot be said that "a dismissal would result in a waste of judicial time and effort[.]" *Tillman*, 33 F.4th at 1027. At the hearing, the Court indicated it was not inclined to exercise supplemental jurisdiction over the state law claims should Count III be dismissed. Defendants concede remand of the state law claims is within the Court's authority. Therefore, although Plaintiff's motion does

4

not contain a detailed explanation for his request for dismissal, the outcome (dismissal of Count III and remand of Counts I and II) is the same as communicated to the parties at the July 20th hearing. For these reasons, the Court does not find that Plaintiff is forum-shopping because the Court would have remanded this action upon dismissal of Count III.  See *Hamm*, 187 F.3d at 950. Based on the foregoing, the Court will grant Plaintiff's motion to dismiss and Count III will be dismissed with prejudice.

      B.      **Motion to Remand (Doc. 213)**

Because the Court is dismissing the federal claims in this lawsuit, the Court next considers whether to exercise supplemental jurisdiction over the remaining state law claims.

A district court may decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)). However, the Eighth Circuit has stated that "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Barstad v. Murray Cty.*, 420 F.3d 880, 888 (8th Cir. 2005) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). This reflects the policy that the federal courts should "exercise judicial restraint and avoid state law issues whenever possible" and should "provide great deference and comity to state court forums to decide issues involving state law questions." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990).

5

Here, after consideration of the relevant factors, the Court declines to exercise supplemental jurisdiction over Counts I and II, which involve questions of state law that would be better determined by the Missouri state courts. Accordingly, Plaintiff's motion to remand will be granted and the Court will remand this action back to the Circuit Court of Jefferson County for further adjudication of Plaintiff's state law claims (Counts I and II).

### III.   CONCLUSION

For all the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss (Doc. 211) is **GRANTED**. Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 are **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 213) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court for the 23rd Judicial Circuit, Jefferson County, Missouri pursuant to 28 U.S.C. § 1447(c) for all further proceedings.

**IT IS FURTHER ORDERED** that to the extent Plaintiff considers his reply brief a motion to strike (Doc. 218), the motion is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED as moot**.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of August, 2022.

6